**F I L E D**

PUBLISH

**August 16, 2005**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

STEPHEN W. RINES aka Steve Rines,

Defendant - Appellant.

No. 04-4182

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH
(D.C. NO. 1:03-CR-94-PGC)

Submitted on the Briefs:   *

Steven B. Killpack, Federal Public Defender and Scott Keith Wilson, Assistant
Federal Public Defender, Salt Lake City, Utah, for Defendant - Appellant.

Paul M. Warner, United States Attorney and Wayne T. Dance, Assistant United
States Attorney, Salt Lake City, Utah, for Plaintiff - Appellee.

Before **SEYMOUR** , **HARTZ** , and **McCONNELL** , Circuit Judges.

**HARTZ** , Circuit Judge.

---

*After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is
therefore ordered submitted without oral argument.

Defendant Stephen W. Rines pleaded guilty to the charge of possession of ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). He stipulated that (1) he knowingly possessed ammunition and (2) at the time he possessed the ammunition he had been convicted of a crime punishable by more than one year of imprisonment.

After the parties filed their respective positions on sentencing but before the sentencing hearing, the United States Supreme Court handed down *Blakely v. Washington*, 542 U.S. 296 (2004). The district court invited the parties to submit supplemental briefs arguing *Blakely's* effect, if any, on Defendant's sentence. Defendant filed a supplemental brief arguing that "the only factor this Court can now consider is the evidence of the prior conviction." R. Vol. I Doc. 41 at 2.

At the sentencing hearing the district court concluded that Defendant's total offense level was 21 and his criminal history fell in category V, yielding a sentencing range of 70 to 87 months. The district court held, however, that it would be unconstitutional to apply the guidelines to Defendant's case. It concluded that it needed to impose a sentence somewhere between probation and ten years' imprisonment—the statutory minimum and maximum—and stated:

> I am going to find that the appropriate sentence in this case is a 70 month sentence. I think looking at the record in its entirety and exercising my sentencing discretion that would be the appropriate sentence in this matter. And so if I were to proceed without the

guidelines, a 70 month sentence. If I were to proceed with the sentencing guidelines, it would be a 70 month sentence.

R. Vol. III at 20.

Defendant appealed. During the pendency of the appeal the Supreme Court handed down *United States v. Booker*, 125 S.Ct. 738 (2005). In *Booker*, one majority held that under the Sixth Amendment "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *Id*. at 756. A second majority nevertheless salvaged in part the federal Sentencing Guidelines in its "remedial" holding. It "corrected the Sixth Amendment error created through mandatory application of the Sentencing Guidelines by severing the statutory section that required district courts to sentence within the Guidelines range." *United States v. Payton*, 405 F.3d 1168, 1172-73 (10th Cir. 2005). Thus, post-*Booker* the guidelines are still in effect, but merely advisory.

Defendant accordingly modified his arguments. He now contends that *Booker's* constitutional holding—mandatory enhancements based on judge-found facts violate the Sixth Amendment—applies to his case. But, citing *Bouie v. City of Columbia*, 378 U.S. 347 (1964), he argues that applying the remedial holding in sentencing for an offense that predated *Booker* would violate the Fifth Amendment's Due Process Clause because it is a "judicially created rule [that] is

[an] unforeseeable alteration of what was up until *Booker* a clear statutory requirement [that he be sentenced within the guidelines range]." Aplt. Br. at 9. If Defendant prevails on this argument, the guidelines would remain mandatory in his case but the enhancements could be unconstitutional—the same result he sought in district court. He also argues, in the alternative, that the district court erred in its discretionary sentence because it failed to consider the sentencing factors outlined in 18 U.S.C. § 3553(a) and instead exercised "unfettered discretion." Aplt. Br. at 15.

We do not tarry long on Defendant's first argument because it is contrary to the Supreme Court's explicit instructions in *Booker*. Writing for the majority of the Court in the remedial portion of the opinion, Justice Breyer stated that "we must apply today's holdings—both the Sixth Amendment holding *and our remedial interpretation of the Sentencing Act*—to all cases on direct review." *Booker*, 125 S.Ct. at 769 (emphasis added). We decline Defendant's invitation to hold that the Supreme Court ordered us to violate the Constitution. *See also United States v. Duncan*, 400 F.3d 1297, 1307-1308 (11th Cir. 2005) (rejecting the same argument on different grounds). Moreover, it appears to us that Defendant was not deprived of constitutionally required notice. The only difference between the *Booker* regime under which his sentence is determined and the regime he would have anticipated at the time of his offense is that the

guidelines are not mandatory. He was sentenced within the guidelines range, so he cannot complain of any unanticipated harshness.

Defendant's second argument also fails. It is true that the district court did not march through § 3553(a)'s sentencing factors, but we have never imposed such a requirement. Rejecting a similar challenge—that a district court's discretionary decision to impose consecutive sentences was invalid because the district court did not articulate its reasons—we stated:

> [I]t [is] quite clear that the sentencing court is not required to consider individually each factor listed in § 3553(a) before issuing a sentence. Moreover, we do not demand that the district court recite any magic words to show that it fulfilled its responsibility to be mindful of the factors that Congress has instructed it to consider.

*United States v. Contreras-Martinez,* 409 F.3d 1236, 1242 (10th Cir. 2005) (internal quotation marks omitted). Here, the district court stated that it "look[ed] at the record in its entirety," and after its review it concluded that 70 months was an appropriate sentence. The court heard several different arguments regarding the appropriate sentencing range and was obviously familiar with the facts of the case. We will not make the useless gesture of remanding for reconsideration when Defendant was aware at sentencing that all relevant factors would be considered by the district court.

We note that Defendant did not argue that the 70-month sentence is unreasonable, and we therefore offer no opinion on the matter.

-5-

The sentence is AFFIRMED.