**F I L E D**

UNITED STATES COURT OF APPEALS

**September 2, 2005**

TENTH CIRCUIT

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

vs.

ROBERTS SCHUYLER BENNETT,

    Defendant - Appellant.

No. 05-1133
(D.C. No. 04-CR-411-B)
(D.Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **O'BRIEN**, and **TYMKOVICH**, Circuit Judges.[**]

---

Defendant Roberts Schuyler Bennett pleaded guilty to possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B), and was sentenced to 71 months imprisonment, and three years supervised release. Although Mr. Bennett's offense and plea (December 3, 2004) occurred prior to the Supreme Court's decision in United States v. Booker, 125 S. Ct. 738 (2005), his sentencing

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

occurred subsequent to that decision, and the district court treated the Sentencing Guidelines as advisory.

On appeal, Mr. Bennett contends that the district court erred by sentencing him based upon specific offense characteristics not contained in the count of conviction of the indictment. According to Mr. Bennett, because the count of conviction did not allege that 600 or more images were involved, or that some of the images involved a prepubescent minor or portrayed sadistic or masochistic conduct, the district court could not rely upon these facts in sentencing him. See Aplt. Br. at 12; U.S.S.G. § 2G2.4(b)(1) (2003) (two-level enhancement for material involving a prepubescent minor), § 2G2.4(b)(4) (four-level enhancement for material portraying sadistic or masochistic conduct), § 2G2.4(b)(5)(D) (five-level enhancement for 600 or more images).[1] Mr. Bennett makes this argument even though (1) he stipulated to the all of the facts underlying these specific offense characteristics and (2) the indictment (in a count which referenced the count of conviction, but was later dismissed) contained these offense characteristics. Mr. Bennett maintains that his sentence must be tethered to those

---

[1] Mr. Bennett only takes issue with the additional three-levels of the five-level enhancement under U.S.S.G. § 2G2.4(b)(5)(D), because the count of conviction alleged at least ten images which would result in a two-level enhancement under § U.S.S.G. § 2G2.4(b)(5)(A). Mr. Bennett argues that his adjusted offense level should have been 19 resulting in a guideline range of 33-41 months (criminal history category of II), instead of 25 which indicates a guideline range of 63-78 months.

facts contained in the count he pleaded to, resulting in a maximum sentence of 41 months.

In making this argument, Mr. Bennett invokes his Sixth Amendment right to fair notice of the charges against him and his Fifth Amendment right to indictment and grand jury presentment. He also relies upon the prohibition on double jeopardy and argues that applying the remedial holding of Booker to his offense would violate Griffith v. Kentucky, 479 U.S. 314 (1987).

In a similar challenge involving a guilty plea and stipulated facts, we recently held that the Apprendi line of cases (including Booker) does not require that factors supporting sentencing enhancements be alleged in the indictment. United States v. Glover, 413 F.3d 1206, 1208-09 (10th Cir. 2005). Like Mr. Bennett, the defendant in Glover pleaded prior to the Court's decision in Booker. Thus, we must reject Mr. Bennett's claim that the "indictment, or more accurately, the facts alleged in the indictment's count of conviction, capped any possible sentence he could receive." Aplt. Br. at 11.

Mr. Bennett concedes that in the current advisory guideline system mandated by Booker, his argument has no merit. Id.; II R. 9 ("Booker fixes it, but it only fixes it prospectively."); see also Booker, 125 S. Ct. at 761-62 (commenting on the difficulties of incorporating sentencing factors into indictments were the guidelines mandatory). Instead, he argues that because he

was indicted and pleaded guilty prior to Booker, the district court was limited to sentencing him based upon facts alleged in the indictment's count of conviction, even though he would not be entitled to a jury on those facts, having waived any such right. Aplt. Br. at 13. An obvious answer to this is that the facts serving as the basis for the challenged enhancements were contained on the face of the indictment, in a count that clearly referenced the count of conviction, thereby obviating any concerns about presentment to a grand jury. Mr. Bennett plainly had notice of those facts, having stipulated to them as part of the plea.

Regardless, Mr. Bennett's argument is an invitation not only to ignore his admissions, but also to apply the substantive holding of Booker while disregarding the remedial holding (making the guidelines advisory) that in fact was applied in his case. This we cannot do. Booker, 125 S. Ct. at 769 (both substantive and remedial holding must be applied to all cases on direct review); United States v. Rines, No. 04-4182, 2005 WL 1953505 at * 2 (10th Cir. Aug. 16, 2005) (rejecting invitation to apply only substantive holding). Moreover, the contended-for remedy in this case is precisely what the Supreme Court rejected in Booker–the companion case, Fanfan, was remanded even in the absence of a Sixth Amendment violation to apply the remedial holding. Booker, 125 S. Ct. at 769. Finally, Mr. Bennett's argument is inconsistent with the broad power of sentencing courts to consider information beyond the indictment. 18 U.S.C.

§ 3661; <u>United States v. Watts</u>, 519 U.S. 148, 152-53 (1997) (per curiam).

The premise of Mr. Bennett's remaining arguments is that the indictment serves as a cap limiting any enhancement or departure under the guidelines. We have rejected that premise. With that, we reject his arguments that applying <u>Booker</u> to his case violates substantive due process, raises double jeopardy concerns, contravenes retroactivity principles, or results in sentencing him to a greater offense when he pleaded to a lesser.

AFFIRMED.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge