**F I L E D**

**UNITED STATES COURT OF APPEALS**

**December 1, 2005**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

　　　　Plaintiff - Appellee,

v.

DAVID K. WIENS,

　　　　Defendant - Appellant.

No. 05-3109

D. Kansas

(D.C. No. 03-10187-01 JTM)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, Chief Circuit Judge, **ANDERSON** and **HARTZ**, Circuit Judges.

On April 13, 2004, David Wiens pleaded guilty to a charge of conspiracy to manufacture the controlled substances psilocin and psilocybin. *See* 21 U.S.C. § 841(a)(1). The presentence report (PSR) computed a guidelines sentencing range of 41-51 months. On July 15, 2004, Mr. Wiens filed objections to the PSR, arguing that under *Blakely v. Washington*, 542 U.S. 296 (2004), his sentence

---

[*]After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

could not be enhanced using facts (the quantity of drugs and his position in the criminal hierarchy) not charged in the indictment or admitted when he entered his plea. Without those facts, the resulting guidelines range was zero to six months.

Before Mr. Wiens was sentenced, however, *United States v. Booker*, 125 S. Ct. 738 (2005), was decided. Relying on due process and ex post facto doctrine, Mr. Wiens then filed a memorandum contending that because his crime occurred before *Booker* was decided, he could not be sentenced to more than the guidelines range based on admitted facts. The district court rejected the argument, considered the guidelines and the factors set forth in 18 U.S.C. § 3553(a), and sentenced Mr. Wiens to 24 months' imprisonment.

On appeal Mr. Wiens again argues that the retroactive application of the remedial portion of *Booker* to his sentencing violated the Due Process Clause. *See Marks v. United States*, 430 U.S. 188, 191-92 (1977) (Due Process Clause protects against judicial infringement of the interests served by Ex Post Facto Clause). His argument is answered by this court's recent decision in *United States v. Rines*, 419 F.3d 1104 (10th Cir. 2005), in which we rejected the same argument. Noting that the *Booker* remedial majority explicitly instructed that its holding be applied to "'all cases on direct review[,]' [w]e decline[d] Defendant's invitation to hold that the Supreme Court ordered us to violate the Constitution." *Id*. at 1106 (quoting *Booker*, 125 S. Ct. at 769). We also noted that "Defendant

was not deprived of constitutionally required notice" because "[t]he only difference between the *Booker* regime under which his sentence is determined and the regime he would have anticipated at the time of his offense is that the guidelines are not mandatory." *Id*. at 1107. Because the defendant "was sentenced within the guidelines range, . . . he cannot complain of any unanticipated harshness." *Id*. Mr. Wiens has actually been the beneficiary of unanticipated *leniency*. At the time his crime was committed, neither *Blakely* nor *Booker* had been decided, and, as set forth in the PSR, the guidelines called for a sentencing range of 41-51 months, about twice his actual sentence.

We AFFIRM the judgment below.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge