F I L E D

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff-Appellee, | No. 05-1165 |
| v. | District of Colorado |
| BRIAN VON BEHREN, | (D.C. No. 04-CR-341-RB) |
| Defendant-Appellant. | |

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **SEYMOUR**, and **McCONNELL**, Circuit Judges.

This appeal presents the question whether a defendant who committed a crime and pleaded guilty prior to *United States v. Booker*, 543 U.S. 220 (2005), but who was sentenced after *Booker,* can constitutionally be given a sentence that is within the statutory maximum but higher than the sentence that he could have

---

[*]After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

constitutionally received under the mandatory guidelines regime.  Defendant

Brian Von Behren asks us to find that the district court's imposition of a sentence,

under an advisory guidelines system, based on specific offense characteristics not

contained in the count to which he pleaded guilty violated the Sixth Amendment

right to fair notice of charges against him, the Fifth Amendment right to

indictment and grand jury presentment, substantive due process, double jeopardy,

and the Supreme Court's holding in *Griffith v. Kentucky*, 479 U.S. 314 (1987).

We reject Mr. Von Behren's constitutional challenges and **AFFIRM** his

sentence.[1]

## Background

On August 10, 2004, the grand jury returned a five-count indictment against

Mr. Von Behren.  Count 1 charged him with advertising child pornography in

violation of 18 U.S.C. § 2251(c)(1)(A).  Count 2 charged him with receiving and

distributing child pornography through interstate commerce in violation of 18

U.S.C. § 2252A(a)(2)(B).  Count 3 charged that Mr. Von Behren possessed child

pornography in violation of 18 U.S.C. § 2252A(a)(5)(B), and Count 4 contained a

forfeiture allegation.  Finally, Count 5 included "offense characteristics," namely

---

[1]*See generally United States v. Bennett*, 147 Fed. Appx. 761 (10th Cir. Sept. 2, 2005) (unpublished opinion).  Although unpublished opinions are not precedential, *Bennett* is an identical case to this one and the panel in this case agrees with the analysis in *Bennett*.  Accordingly, we have liberally adopted language from the Order and Judgment in *Bennett*.

that Mr. Von Behren (a) possessed child pornography material involving a prepubescent minor, (b) distributed child pornography with the expectation of receiving a thing of value in return, (c) possessed material portraying sadistic or masochistic conduct, (d) used a computer for the transmission of child pornographic material, and (e) possessed 600 or more images of child pornography.

On October 26, 2004, Mr. Von Behren entered a plea agreement in which he pleaded guilty to Count 2 of the indictment and the government agreed to dismiss Counts 1, 3, and 5. Mr. Von Behren also stipulated to all five specific offense characteristics contained in Count 5. The plea agreement included a sentencing computation which provided that Mr. Von Behren's base offense level would be increased by a total of 15 levels due to the specific offense characteristics he admitted. Mr. Von Behren pled guilty on January 11, 2005.

At his sentencing hearing on May 31, 2005, Mr. Von Behren objected, on constitutional grounds, to the Presentence Investigation Report's inclusion of specific offense characteristics not found within the indictment count to which he pled guilty. He asserted that his base offense level should be 21, not 32, and that he should therefore be sentenced to the statutory minimum of 60 months imprisonment. The district court overruled his objection and found that the "total advisory offense level was 32" after a reduction for acceptance of responsibility,

and that the "advisory imprisonment range [was] from 121 to 151 months." The district court sentenced Mr. Von Behren to 121 months in prison, finding that there was no reason to depart from the advisory guidelines range.

**Discussion**

On appeal, Mr. Von Behren claims that the district court violated numerous constitutional provisions by incorporating into his advisory base offense level specific offense characteristics that he stipulated were true, but that were not included in the count to which he pleaded guilty. In making this argument, Mr. Von Behren invokes his Sixth Amendment right to fair notice of the charges against him and his Fifth Amendment right to indictment and grand jury presentment. He also relies upon general notions of substantive due process and the prohibition on double jeopardy. Finally, he argues that applying the remedial holding of *Booker* to his offense would violate *Griffith v. Kentucky*.

The crux of Mr. Von Behren's claims under the Fifth and Sixth Amendments is that it is unconstitutional to impose a sentence based on facts that were not contained in the indictment. In a similar challenge involving a guilty plea and stipulated facts, we recently held that the *Apprendi* line of cases (including *Booker*) does not require that factors supporting sentence enhancements be alleged in the indictment. *United States v. Glover*, 413 F.3d 1206, 1208-09 (10th Cir. 2005). Like Mr. Von Behren, the defendant in *Glover*

pleaded prior to the Court's decision in *Booker*. Thus, we must reject Mr. Von Behren's claim that the "indictment, or more accurately, the facts alleged in the indictment's count of conviction, capped any possible sentence he could receive."

Mr. Von Behren concedes that in the current advisory guideline system mandated by *Booker*, his argument has no merit. *Id.* at 11. Instead, he argues that because he was indicted and pleaded guilty prior to *Booker*, the district court was limited to sentencing him based upon facts alleged in the indictment's count of conviction, even though he would not be entitled to a jury on those facts, having waived any such right. *Id.* at 13-14. An obvious answer to this is that the facts serving as the basis for the challenged enhancements were contained on the face of the indictment, in a count that clearly referred to the count of conviction, thereby obviating any concerns about presentment to a grand jury. Furthermore, Mr. Von Behren plainly had notice of those facts, having stipulated to them as part of the plea agreement and acknowledging that they could be considered upon sentencing.

In reality, Mr. Von Behren's argument is an invitation not only to ignore his admissions, but also to apply the substantive holding of *Booker* while disregarding the remedial holding (rendering the Guidelines advisory) that was in fact applied in his case. This we cannot do. *Booker*, 125 S. Ct. at 769 (both substantive and remedial holding must be applied to all cases on direct review);

*United States v. Rines*, 419 F.3d 1104, 1106-07 (10th Cir. 2005). Moreover, the remedy Mr. Von Behren seeks is precisely what the Supreme Court rejected in *Booker*. In *Booker*, the Supreme Court remanded the companion case, *Fanfan*, for re-sentencing under the remedial holding, despite the absence of a Sixth Amendment violation. *Booker*, 125 S. Ct. at 769. Mr. Von Behren's argument is also inconsistent with the broad power of sentencing courts to consider information beyond the indictment. 18 U.S.C. § 3661; *United States v. Watts*, 519 U.S. 148, 152-53 (1997) (per curiam).

Mr. Von Behren also raises a similar argument under the Due Process Clause and *Griffith v. Kentucky*. He seeks the benefit of the Court's constitutional holding in *Booker* without the burden of the remedial opinion by arguing that we must apply different retroactivity analyses to *Booker's* two holdings. Mr. Von Behren asserts that under *Griffith v. Kentucky*, defendants in pending cases should be granted the benefit of a constitutional rule such as Justice Steven's Sixth Amendment holding. But, citing *Bouie v. City of Columbia*, 378 U.S. 347, 353-54 (1964), he contends that retroactive applications of new judicial interpretations of criminal statutes violate the Due Process Clause because they impose liability *ex post facto*. These arguments, however, overlook the Supreme Court's instruction that both holdings in *Booker* should be applied to cases on direct review. *Booker*, 125 S. Ct. at 769; *Rines*, 419 F.3d at 1106. Furthermore,

the underlying concern of cases such as *Bouie* is ensuring that the defendant has "fair warning" of criminal liability. *See Rogers v. Tennessee*, 532 U.S. 451, 461-62 (2001) (the due process limitation on the retroactive application of judicial interpretations of criminal statutes safeguard defendants against "unjustified" and "unpredictable" breaks with prior law); *Warnick v. Booher*, 425 F.3d 842, 852-53 (10th Cir. 2005). Mr. Von Behren had fair warning that his conduct could subject him to 121 months imprisonment. Indeed, the statute under which he pleaded guilty imposed a statutory maximum of 20 years imprisonment. 18 U.S.C. § 2252A(b)(1). Had Mr. Von Behren been sentenced under a mandatory application of the Guidelines, he could easily have been sentenced to 121 months based on the facts stipulated in his plea agreement. *See Booker*, 125 S. Ct. at 756 ("Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict *must be admitted by the defendant* or proved to a jury beyond a reasonable doubt.") (emphasis added); *United States v. Dupas*, 419 F.3d 916, 921 (9th Cir. 2005) (rejecting retroactivity argument where defendant had fair notice when he committed his crime and entered his plea that his sentence could be based on judicial determinations and set within the applicable statutory maximum); *United States v. Vaughn*, --- F.3d ---, 2005 WL 3219706, at *4 (2d Cir. Dec. 1, 2005) (finding that the relevant maximum sentence for purposes of

"fair warning" was the statutory maximum, and joining "the First, Fifth, Seventh, Ninth, and Eleventh Circuits in rejecting an *ex post facto* claim based on the remedial holding in *Booker*") (citations omitted). Thus, Mr. Von Behren had "fair warning" of his possible sentence.

We similarly reject Mr. Von Behren's argument that sentencing him for a greater offense when he pleaded guilty to a lesser offense violates double jeopardy. As mentioned earlier, the statutory maximum for the count to which Mr. Von Behren pleaded guilty was 20 years imprisonment. His sentence of 121 months fell within that statutory maximum. Accordingly, he was not sentenced for a greater offense than that to which he pleaded guilty.

## Conclusion

For the foregoing reasons, the judgment of the United States District Court for the District of Colorado is **AFFIRMED**.

Entered for the Court,

Michael W. McConnell
Circuit Judge