F I L E D
United States Court of Appeals
Tenth Circuit

January 18, 2006

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JOSE LUIS REYES-ARMENDARIZ,

Defendant-Appellant.

No. 05-2082
(D.C. No. CR-04-783 LH)
(New Mexico)

## ORDER AND JUDGMENT[*]

Before **SEYMOUR**, **HARTZ**, and **McCONNELL**, Circuit Judges.

Jose Reyes-Armendariz contends the district court failed to adequately articulate the basis for calculating his sentence after he pled guilty. As a result, he maintains, we cannot meaningfully review the reasonableness of his sentence. For the reasons discussed below, we affirm.

---

[*]After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Mr. Reyes-Armendariz was charged by indictment with reentry into the United States following deportation without first seeking permission from appropriate federal authorities, in violation of 8 U.S.C. §§ 1326(a)(1)-(2), (b)(2). He had been deported to his native country, Mexico, after completing a sentence on his conviction in New Mexico state court for aggravated assault on a police officer. Mr. Reyes-Armendariz pled guilty to the instant offense. His pre-sentence report (PSR) calculated his total offense level as 21 and his criminal history category at VI, resulting in a possible sentencing range of 77 to 96 months.

Mr. Reyes-Armendariz objected to the terms of the PSR, claiming a downward departure was warranted for cultural assimilation and over representation of his criminal history. He asserted he should be sentenced at the low end of a 57 to 71 month range. Prior to sentencing but after the Supreme Court issued its decision in *United States v. Booker*, 125 S. Ct. 738 (2005), Mr. Reyes-Armendariz submitted a supplemental sentencing memorandum requesting the district court to specifically consider the factors set forth in 18 U.S.C. § 3553(a), arguing that a 36 month sentence was appropriate under the statute and pursuant to *Booker*.

At the sentencing hearing, the district court heard argument from the parties and commented that it had reviewed and considered all the evidence presented by

both sides. After noting that the PSR calculated Mr. Reyes-Armendariz'

imprisonment range as 77 to 96 months, the court agreed with Mr. Reyes-

Armendariz that his criminal history was over-represented and reduced his

criminal history category to IV. With a total offense level of 21 and a criminal

history category of IV, the suggested guideline range for imprisonment was 57 to

71 months. The court then stated it had considered the factors set forth in 18

U.S.C. § 3553, and sentenced Mr. Reyes-Armendariz to 57 months.

On appeal, Mr. Reyes-Armendariz asserts the district court erred in failing

to identify the specific § 3553(a) factors it considered in calculating his sentence.

We review "the district court's legal interpretation and application of the

sentencing guidelines *de novo* and review the court's factual findings for clear

error, giving due deference to the district court's application of the guidelines to

the facts." *United States v. Henry*, 164 F.3d 1304, 1310 (10th Cir. 1999). And in

accordance with *Booker*, we now review sentences for "reasonableness," finding

guidance from the factors listed in 18 U.S.C. § 3553(a). *Booker*, 125 S.Ct. at 766.

In so doing, we find no error in the district court's articulation of Mr. Reyes-

Armendariz' sentence.

*Booker* directs a court to consider the several factors laid out in § 3553(a),

including the now-advisory guideline ranges, when determining the sentence. *See*

*Booker*, 125 S.Ct. at 757; 18 U.S.C. § 3553(a)(1)-(7). We have consistently held,

-3-

prior to and since the Supreme Court's issuance of *Booker*,

> that the sentencing court is not required to consider individually each factor listed in § 3553(a) before issuing a sentence. We do not require "a ritualistic incantation to establish consideration of a legal issue," nor do we demand that the district court "recite any magic words" to show us that it fulfilled its responsibility to be mindful of the factors that Congress has instructed it to consider. Rather, it is enough if the district court considers § 3553(a) en masse and states its reasons for imposing a given sentence.

*United States v. Kelley*, 359 F.3d 1302, 1305 (10th Cir. 2004) (citations omitted); *see also United States v. Rines*, 419 F.3d 1104, 1107 (10th Cir. 2005) (district court not required to "march through" § 3553(a) sentencing factors); *United States v. Contreras-Martinez*, 409 F.3d 1236, 1241-42 (10th Cir. 2005) (court must consider § 3553(a) factors, but need not specifically list considerations). Other circuits have ruled similarly. *See United States v. Lamoreaux*, 422 F.3d 750, 756 (8th Cir. 2005) ("Nothing in § 3553(a) or in the *Booker* remedy opinion requires 'robotic incantations' that each statutory factor has been considered.") (citation omitted); *United States v. George*, 403 F.3d 470, 472-73 (7th Cir. 2005) ("Judges need not rehearse on the record all of the considerations that 18 U.S.C. § 3553(a) lists; it is enough to calculate the range accurately and explain why (if the sentence lies outside it) this defendant deserves more or less."); *United States v. Crosby*, 397 F.3d 103, 113 (2d Cir. 2005) ("Therefore, we will not prescribe any formulation a sentencing judge will be obliged to follow in order to demonstrate discharge of the duty to 'consider' the Guidelines."), *abrogation on other grounds*

*rec'g by United States v. Lake*, 419 F.3d 111, 113 n.2 (2d Cir. 2005).

Our review of the district court's statements at sentencing persuades us the court properly considered the sentencing factors listed in § 3553(a). The court said as much, while also indicating it had viewed all of the evidence submitted by Mr. Reyes-Armendariz in support of his arguments for a lower sentence. The district court also satisfied its burden to "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). It agreed with Mr. Reyes-Armendariz that his criminal history was over represented, and expressly indicated it had considered the § 3553(a) factors. The district court complied with the requirements laid out in *Booker* and our case law. Its alleged failure to discuss its sentencing reasons with the particularity desired by Mr. Reyes-Armendariz does not render his sentence either unreviewable or unreasonable.

We **AFFIRM**.

ENTERED FOR THE COURT

Stephanie K. Seymour
Circuit Judge