**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**April 11, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

FERNANDO ROJO-QUINTERO,

    Defendant - Appellant.

No. 05-1409
(D.C. No. 05-CR-37)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **HARTZ**, **EBEL**, and **TYMKOVICH**, Circuit Judges.

Defendant Fernando Rojo-Quintero pleaded guilty but now appeals his sentence, claiming that the district court failed to properly apply the factors enumerated in 18 U.S.C. § 3553(a) in calculating that sentence. Because the district court did not err in its consideration of the factors, we affirm.

---

[*]After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This Order and Judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

# BACKGROUND

Mr. Rojo-Quintero pleaded guilty, pursuant to a plea agreement, to one count of conspiracy to distribute and to possess with intent to distribute over 500 grams of methamphetamine. See 21 U.S.C. §§ 841, 846. The presentence report calculated an advisory Guidelines range of 108 to 135 months and recommended a 108-month sentence. Although this recommendation was lower than the 10-year statutory minimum sentence for Mr. Rojo-Quintero's offense, the report concluded that the "safety valve" provision, 18 U.S.C. § 3553(f), would allow the court to sentence below the statutory minimum. Paragraphs 77 to 81 of the presentence report also discussed the applicability of some of the factors listed in § 3553(a). In particular, paragraph 81 noted that Mr. Rojo-Quintero, a Mexican national, had entered the country illegally and that "it is probable the defendant will be deported upon completion of his custodial term." Mr. Rojo-Quintero did not file any objections to the presentence report.

At his August 2005 sentencing, the government conceded and the court agreed that Mr. Rojo-Quintero was eligible for the safety valve adjustment. Mr. Rojo-Quintero's attorney also requested that the court "consider even going below the guideline range given the circumstances of Mr. Rojo-Quintero's situation; that is his age, his lack of a prior criminal record, and his stated involvement in this offense." Although the government did not oppose sentencing Mr. Rojo-Quintero

at the bottom end of the Guidelines range, it objected to imposition of a sentence below that range.

After hearing from the parties, the court imposed a sentence of 108 months, the bottom of the advisory Guidelines range. The court noted that, "while not bound to apply the guidelines, [it] has consulted these advisory guidelines and taken them into account with the sentencing factors identified at 18 United States Code Section 3553(a)." The court further noted that it would "adopt the rationale for the sentences set forth in the presentence report, particularly . . . paragraphs 77 to . . . 81." In responding to the arguments of Mr. Rojo-Quintero's attorney, the court stated that "I don't see a basis for a downward departure. I don't believe that the criteria set forth in 18 United States code Section 3553(a) mandates a lower sentence."

Mr. Rojo-Quintero now appeals his sentence, asserting that "the trial court failed to make adequate findings with respect to the application of 18 U.S.C. [§] 3553(a)." He claims error because "[t]he court articulated no specific reason for following the application of the Sentencing Guidelines in imposing sentence in this action, other than to merely reference the presentence report," yet "[t]he paragraphs cited in the presentence report do not specifically address all the factors set forth in 18 U.S.C. 3553(a)." Specifically, Mr. Rojo-Quintero asserts that the court failed to properly consider the factors given in § 3553(a)(2)(C) &

(D).[1] He emphasizes that he is likely to be deported following completion of his sentence, and "[s]ince the Defendant would not be returning to the population in this country, his risk to the public would be much less." Therefore, he asks that we remand for the district court to consider this factor and to resentence him.

## DISCUSSION

We reject Mr. Rojo-Quintero's claims on appeal. He concedes that our review is for plain error, which only "occurs when there is (1) error, (2) that is plain, which (3) affects substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings." United States v. Gonzalez-Huerta, 403 F.3d 727, 736 (10th Cir.) (en banc) (quotation omitted), cert. denied, 126 S. Ct. 495 (2005). In this case, there has been no showing of error, plain or otherwise. As we have stated in no uncertain terms, it is

> quite clear that the sentencing court is not required to consider individually each factor listed in § 3553(a) before issuing a sentence. We do not require "a ritualistic incantation to establish consideration of a legal issue," nor do we demand that the district court "recite any magic words" to show us that it fulfilled its responsibility to be mindful of the factors that Congress has instructed it to consider. Rather, it is enough if the district court considers § 3553(a) en masse and states its reasons for imposing a given sentence.

---

[1]This portion of the § 3553(a) reads:
The court, in determining the particular sentence to be imposed, shall consider . . . the need for the sentence imposed . . . (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner . . . .

United States v. Kelley, 359 F.3d 1302, 1305 (10th Cir. 2004) (citations omitted); see also United States v. Rines, 419 F.3d 1104, 1107 (10th Cir. 2005) ("It is true that the district court did not march through § 3553(a)'s sentencing factors, but we have never imposed such a requirement."), cert. denied, 126 S. Ct. 1089 (2006).

The district court has satisfied this standard. The court specifically adopted the presentence report's discussion of the § 3553(a) factors, including paragraph 81, which specifies that Mr. Rojo-Quintero is an illegal alien and likely to face deportation upon release from custody. Moreover, there is no indication that the court limited its analysis to the factors identified in the presentence report: it stated that it "has consulted the[] advisory guidelines and taken them into account *with the sentencing factors identified at 18 United States Code Section 3553(a)*." (emphasis added). Ultimately, the district court simply "d[id]n't believe that the criteria set forth in 18 United States code Section 3553(a) mandates [sic] a lower sentence." Other than the court's failure to "march through" the § 3553(a) factors, there is nothing to suggest that it failed to properly consider those factors.

Therefore, we AFFIRM Mr. Rojo-Quintero's sentence.

ENTERED FOR THE COURT

David M. Ebel

- 5 -

Circuit Judge