**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**April 25, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

        Plaintiff-Appellee,

v.

JERRY WAYNE EADES, also known
as Jerry Cox, also known as Jerry
Foster,

        Defendant-Appellant.

No. 05-4225

(D.C. No. 2:03-CR-987-TC)

(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **McKAY,** and **LUCERO**, Circuit Judges.

        After examining the briefs and appellate record, this panel has determined

unanimously to honor the parties' request for a decision on the briefs without oral

argument. See Fed. R. App. P. 34(f). The case is therefore submitted without

oral argument.

        After a jury trial, Appellant was convicted of violating 18 U.S.C. § 922(g),

possession of a firearm by a restricted person. At sentencing, Appellant argued

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

that sentence enhancements for possessing a firearm in connection with another felony and for obstruction of justice must be proven beyond a reasonable doubt at trial. The court rejected Appellant's argument and ruled that both sentence enhancements applied. Appellant then appealed his sentence on the grounds that the district court violated his constitutional rights, based on *Blakely v. Washington*, 542 U.S. 296 (2004). While the appeal was pending, *United States v. Booker*, 543 U.S. 220 (2005), was decided. As a result of *Booker*, the parties entered into a joint stipulation requesting that the case be remanded. Specifically, the joint stipulation stated in relevant part:

> The *Booker* error cannot be deemed harmless because the court
> sentenced [Appellant] at the low end of the guideline range and did
> not state an alternative discretionary sentence. *United States v.*
> *Labastida-Segura*, 396 F.3d 1140 (10th Cir. 2005). This case should
> be remanded for re-sentencing to give the district court the
> opportunity to consider the Guidelines as advisory and the factors in
> 18 U.S.C. § 3553(a) in arriving at a reasonable sentence.

Joint Motion to Vacate Sentence and Remand for Resentencing, 2 (June 9, 2005).

At resentencing, Appellant argued that it would be an ex post facto violation for the district court to apply *Booker*. The court rejected Appellant's argument and sentenced him to fifty-five months in prison. Amended Judgment, 1 (D. Utah Aug. 17, 2005). Appellant filed a timely notice of appeal.

We have held that the application of *Booker's* remedial holding–that the Sentencing Guidelines are now advisory–in sentencing for an offense that

predated *Booker* does not violate the Fifth Amendment's Due Process Clause. *United States v. Rines*, 419 F.3d 1104, 1106 (10th Cir. 2005).

We have carefully reviewed the briefs of Appellant and Appellee, the district court's disposition, and the record on appeal. We are in accord with the district court's resentencing, and we AFFIRM the district court's amended judgment.

Entered for the Court

Monroe G. McKay
Circuit Judge