**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**June 9, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

JUAN TELLEZ-ACOSTA,

      Defendant-Appellant.

No. 05-4301
(D.C. No. 2:05-cr-00298)
(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **EBEL**, and **TYMKOVICH**, Circuit Judges.

After pleading guilty to illegal re-entry following removal from the United States, see 8 U.S.C. § 1326, Juan Tellez-Acosta was sentenced to 46 months' imprisonment, the low end of the applicable Guidelines range. He now appeals, claiming that the district court erred by failing to consider sentence disparities

---

[*]After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This Order and Judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

caused by the use of so-called "fast-track" programs in other jurisdictions.[1]  We conclude that the district court did not err and affirm Mr. Tellez-Acosta's sentence.

Following his guilty plea, Mr. Tellez-Acosta filed a motion for a downward departure.  Citing statistics published by the United States Sentencing Commission, the motion argued that the District of Utah both imposes significantly higher sentences and grants substantially fewer downward departures for immigration violations than districts that use fast-track programs.  Mr. Tellez-Acosta asked the district court to correct this disparity.

At the sentencing hearing, the district court noted Mr. Tellez-Acosta's argument but rejected it:

> On the issue of fast track sentencing disparity, while the Court acknowledges the numerical disparity created between districts which employ the so-called fast-track program for illegal reentry cases and those which do not, this is not a matter appropriately before this Court. This Court declines to sua sponte impose a fast-track program in this district, believing that in doing so it would ironically create disparity in and of itself.
>
> Further, the Court cannot ignore the fact that the vast majority of districts in the federal court system do not have such a program. To attempt to account for the fast-track program, which is in place in only approximately 15 percent of districts, would undermine the federal sentencing system, which is uniformity among similarly situated

---

[1]In a "fast-track" program, "defendants accused of certain immigration offenses . . . plead guilty early in the process and waive their rights to file certain motions and to appeal, in exchange for a shorter sentence.  The shorter sentence [i]s accomplished either by charge-bargaining or by promising to recommend a downward departure at sentencing." United States v. Morales-Chaires, 430 F.3d 1124, 1127 (10th Cir. 2005).

defendants. For these reasons, the Court declines to depart downward on this basis.

Tr. of Sentencing at 11, R. Vol. II. Mr. Tellez-Acosta timely appealed, claiming that "any sentence failing to consider these disparities should be inherently unreasonable."

In reviewing the reasonableness of a sentence, we review legal questions *de novo* and factual questions for clear error. United States v. Kristl, 437 F.3d 1050, 1055 (10th Cir. 2006). A sentence within the Guidelines range is presumptively reasonable, although the presumption may be rebutted by a showing "that the sentence is unreasonable when viewed against the other factors delineated in [18 U.S.C.] § 3553(a)." Id. at 1054.

Because Mr. Tellez-Acosta's sentence was within the advisory Guidelines range, we presume that it was reasonable unless he has met his burden of showing otherwise. We conclude that he has not done so. In the recent case of United States v. Morales-Chaires, we were faced with a claim nearly identical to Mr. Tellez-Acosta's. See 430 F.3d 1124. The defendant in Morales-Chaires argued for a downward departure because of "the disparities between sentences imposed in districts where a 'fast-track' program exists for aliens accused of illegal reentry and in districts, like Colorado, where no such 'fast-track' program exists." Id. at 1126. The district court rejected his argument, "finding that 'for the Court to depart on this basis is in essence a violation of the doctrine of separation of

- 3 -

powers because of interference with a prosecutor's exercise of discretion in charging and plea bargaining.'" Id. On appeal, we concluded that "we need not resolve whether sentencing disparities caused by the existence of fast-track programs in some jurisdictions are or are not, or may be in certain circumstances, considered unwarranted under § 3553(a)(6)."[2] Id. at 1131. Rather, noting that § 3553(a)(6) "is but one of several factors for a court to consider in determining a reasonable sentence," we concluded that the district court's analysis was sufficient because it "reviewed all the factors listed in § 3553(a), including § 3553(a)(6), and concluded that they fully supported the sentence imposed." Id.

Similarly, in this case the district court's analysis was sufficient. Although unlike the court in Morales-Chaires, the district court in this case did not explicitly "[go] through each of the statutory sentencing factors" at the sentencing hearing, id. at 1126, we have repeatedly held that district courts need not "march through § 3553(a)'s sentencing factors" before imposing sentences. United States v. Rines, 419 F.3d 1104, 1107 (10th Cir. 2005), cert. denied, 126 S. Ct. 1089 (2006); United States v. Lopez-Flores, 444 F.3d 1218, 1222–23 (10th Cir. 2006); United States v. Corchado, 427 F.3d 815, 821 (10th Cir. 2005), cert. denied, 126 S. Ct. 1811 (2006). More importantly, the district court *did* specifically address § 3553(a)(6), the sole factor on which Mr. Tellez-Acosta's argument is based.

---

[2]Section 3553(a)(6) directs sentencing courts to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct."

The court recognized the "numerical disparity" created by the use of fast-track programs in other jurisdictions, but concluded that *sua sponte* applying fast-track sentencing in Utah would "create disparity in and of itself." Tr. of Sentencing at 11, R. Vol. II. Further, the court concluded that trying to account for fast-track programs, "which [are] in place in only approximately 15 percent of districts, would *undermine* . . . uniformity among similarly situated defendants." Id. (emphasis added). The record thus shows that the district court did not fail to consider sentence disparities; rather, it simply rejected Mr. Tellez-Acosta's argument as to the significance of fast-track programs with regard to § 3553(a)(6). We cannot say in this case that the court's evaluation of the § 3553(a) factors was error.

Because Mr. Tellez-Acosta has not rebutted the presumption of reasonableness for his Guidelines sentence, we AFFIRM his sentence.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge