**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 25, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

ADON NAVOR RIVAS-GONZALEZ,

Defendant-Appellant.

No. 07-2203

District of New Mexico

(D.C. No. 07-CR-1072-JB)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **ANDERSON**, and **McCONNELL**, Circuit Judges.

---

On May 29, 2007, Adon Navor Rivas-Gonzalez, a native and citizen of Mexico, pleaded guilty to one count of reentry of a removed alien having previously been convicted of an aggravated felony, in violation of 8 U.S.C. §§ 1326(a) and (b)(2). He was sentenced to serve a term of 27 months' imprisonment, the bottom of his advisory range under the United States

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Sentencing Guidelines, and timely appealed. His counsel, James P. Baiamonte, of Albuquerque, New Mexico, filed an *Anders* brief and moved to withdraw as counsel. *See Anders v. California*, 386 U.S. 738 (1967).

## I.

Under *Anders*, a court-appointed defense counsel who believes that an appeal would be "wholly frivolous" may withdraw only upon submission of a brief to the client and the court indicating "anything in the record that might arguably support the appeal." *Id.* at 744. The defendant "may then choose to submit arguments to the court." *United States v. Calderon*, 428 F.3d 928, 930 (10th Cir. 2005). If we conclude, after a full examination of the record before us, that the appeal is frivolous, we will grant the motion to withdraw and dismiss the appeal. *Id.*; *Anders*, 386 U.S. at 744. Mr. Rivas-Gonzalez has submitted no brief of his own, and the government declined to submit a reply brief.

Counsel's *Anders* brief mentions one possible basis for appeal, namely, that although Mr. Rivas-Gonzalez received the minimum Guidelines sentence, the Guidelines are now advisory and he "could argue that his sentence was unreasonable and that the district judge did not adequately consider the statutory concerns other than the advisory guidelines expressed in 18 U.S.C. § 3553(a)." Aplt's Br. 6–7.

In reality, this sets out two potential claims. First, that the sentence was procedurally unreasonable, in that the district court failed "'to consider the §

3553(a) factors.'" *United States v. Verdin-Garcia*, 516 F.3d 884, 895, (10th Cir. 2008) (quoting *Gall v. United States*, 128 S. Ct. 586, 597 (2007)). Second, that the sentence was substantively unreasonable "given all the circumstances of the case in light of the factors set forth in 18 U.S.C. § 3553(a)." *United States v. Conlan*, 500 F.3d 1167, 1169 (10th Cir. 2007).

The transcript of the sentencing hearing and the district court's memorandum opinion on sentencing reveal that the court fully considered the statutory factors. It expressly discussed most of them, including "the nature and circumstances of the offense and the history and characteristics of the defendant," 18 U.S.C. § 3553(a)(1), even though procedural reasonableness does not require that the district court "march through § 3553(a)'s sentencing factors" when rendering a sentence within the Guidelines range. *United States v. Rines*, 419 F.3d 1104, 1107 (10th Cir. 2005).

Considered substantively, within-Guidelines sentences are presumed to be reasonable, *United States v. Kristl*, 437 F.3d 1050, 1054 (10th Cir. 2006), and our substantive review of a sentence is for abuse of discretion, *United States v. Angel-Guzman*, 506 F.3d 1007, 1014–15 (10th Cir. 2007). Here, as the district court recognized, nothing in Mr. Rivas-Gonzalez's case suggests that a within-Guidelines sentence would be unreasonable. The court acknowledged that it had authority to vary from the Guidelines, and took account of Mr. Rivas-Gonzalez's proffered reasons for a downward variance: that he had come to this country only

for economic betterment and to support his family, that he has been employed, that his prior felony conviction for drug trafficking did not involve violence or firearms, and that he had been released from prison on that charge having served only eight months of a one-year sentence. On this basis, we see no plausible grounds for arguing that imposing a bottom-of-the-range 27-month sentence was beyond the district court's discretion.

## II.

We have carefully reviewed the record, and are satisfied that there are no non-frivolous issues for appeal. We therefore **GRANT** Mr. Baiamonte's motion to withdraw and **DISMISS** the appeal. It is **ORDERED**, that the docket of this case shall be amended to reflect Mr. Rivas-Gonzalez's correct middle name as "Navor" instead of "Navoz."

Entered for the Court,

Michael W. McConnell
Circuit Judge