FILED
United States Court of Appeals
Tenth Circuit

March 3, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

FRANCISCO ESTANISLAO
MENDOZA,

Defendant-Appellant.

No. 07-2100
(D.C. No. 06-CR-0907-JB)
(D. N.M.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BALDOCK**, **BRORBY**, and **EBEL**, Circuit Judges.

---

Francisco Estanislao Mendoza pleaded guilty to reentry of a deported alien

previously convicted of an aggravated felony and was sentenced to 57 months'

imprisonment. He appeals, challenging his sentence. His appointed counsel,

James Baiamonte, filed an *Anders* brief and moved to withdraw as counsel. *See*

*Anders v. California*, 386 U.S. 738, 744 (1967). Mr. Mendoza responded to the

---

[*]     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

*Anders* brief, seeking appointment of new appellate counsel and arguing–as best we can discern–that Mr. Baiamonte provided ineffective assistance and that the district court erred in denying Mr. Mendoza's motion for new counsel. *See Van Deelen v. Johnson*, 497 F.3d 1151, 1153 n.1 (10th Cir. 2007) (observing that pro se filings are "entitled to a solicitous construction"). The government declined to submit a brief. We have considered the arguments raised in the *Anders* brief and in Mr. Mendoza's response and have also independently reviewed the record. We conclude that there is no non-frivolous basis for appeal. Counsel's request to withdraw is therefore granted, and this appeal is dismissed without prejudice to subsequent efforts to raise the issue of ineffective assistance on collateral review. We also deny Mr. Mendoza's request for appointment of new appellate counsel.

**BACKGROUND**

In 1992, Mr. Mendoza was convicted in California of assault with intent to commit rape, a felony for which he initially received a 6-month sentence but was ultimately sentenced to 2 years' imprisonment because of a probation violation. Thereafter, he was deported to El Salvador. In February 2006, he was apprehended in Luna County, New Mexico, and charged with illegal reentry by a deported alien previously convicted of an aggravated felony, as defined in 8 U.S.C. § 1101(a)(43), in violation of 8 U.S.C. §§ 1326(a) and (b)(2). R., Vol. I, Doc. 10.

In June 2006, Mr. Mendoza wrote a letter to the district court stating he did not "feel as though [his] Attorney . . . ha[d] done anything to try to help [him]." *Id.*, Doc. 20 at 2. He also filed a motion for new counsel. The motion explained that he had told counsel "he was 'unhappy.'" *Id.*, Doc. 22 at 2, ¶ 13. Distilled, Mr. Mendoza argued that he was dissatisfied because "the potential incarceration period [was] too long." *Id.* ¶ 17. The district court held a hearing on the motion and denied it without prejudice. Mr. Mendoza did not renew the motion.

In August 2006, Mr. Mendoza pleaded guilty to the aforementioned charge. The Presentence Investigation Report calculated a total offense level of 21 (a base offense level of 8, a 16-point enhancement because of his 1992 felony conviction, and a 3-point reduction for acceptance of responsibility), and a criminal history category of IV. This produced an advisory United States Sentencing Guidelines range of 57 to 71 months' imprisonment.

Mr. Mendoza filed a sentencing memorandum in the district court requesting a downward variance, and renewed that request at his sentencing hearing. He argued that a variance was warranted because the crime-of-violence enhancement did not match the actual seriousness of the offense. Specifically, he claimed that the encounter resulting in his 1992 felony conviction was consensual and that the initial 6-month prison term suggests that the crime was relatively minor. *See* R., Vol. I, Doc. 34 at 7 (arguing in the sentencing memorandum that 6-month sentence "amounted to a petty misdemeanor sentence").

Both at the sentencing hearing and in a thorough memorandum opinion and order on sentencing, the district court denied Mr. Mendoza's request for a variance and sentenced him to 57 months' imprisonment, the bottom of the Guidelines' advisory range. This appeal followed.

## ANALYSIS

*Anders* authorizes counsel to seek permission to withdraw from an appeal if, "after a conscientious examination," counsel finds the appeal "wholly frivolous." 386 U.S. at 744.

> Under *Anders*, counsel must submit a brief to the client and the appellate court indicating any potential appealable issues based on the record. The client may then choose to submit arguments to the court. The [c]ourt must then conduct a full examination of the record to determine whether defendant's claims are wholly frivolous. If the court concludes after such an examination that the appeal is frivolous, it may grant counsel's motion to withdraw and may dismiss the appeal.

*United States v. Calderon*, 428 F.3d 928, 930 (10th Cir. 2005) (citing *Anders*, 386 U.S. at 744).

In this case, counsel's *Anders* brief notes one possible basis for appeal. Counsel suggests that, although Mr. Mendoza was sentenced at bottom of the advisory Guidelines' range, he "could argue that his sentence was unreasonable and that the district judge did not adequately consider the statutory concerns other than the advisory guidelines expressed in 18 U.S.C. §3553(a)." Aplt Br. at 5. This assertion actually sets out two potential claims. First, that the sentence was

-4-

procedurally unreasonable, in that the district court failed "'to consider the § 3553(a) factors.'" *United States v. Verdin-Garcia*, 516 F.3d 884, 895 (10th Cir. 2008), *cert. denied*, 129 S. Ct. 161 (2008) (quoting *Gall v. United States*, --- U.S. ---, 128 S. Ct. 586, 597 (2007)).  Second, that the sentence was substantively unreasonable "given all the circumstances of the case in light of the factors set forth in 18 U.S.C. § 3553(a)." *United States v. Conlan*, 500 F.3d 1167, 1169 (10th Cir. 2007).  "We review sentences for reasonableness under a deferential abuse of discretion standard." *United States v. Haley*, 529 F.3d 1308, 1311 (10th Cir. 2008), *cert. denied*, 129 S. Ct. 428 (2008) (citing *Gall*, 128 S. Ct. at 591)).

The transcript of the sentencing hearing and the district court's memorandum opinion and order on sentencing demonstrate that the district court fully considered the statutory factors.  It expressly discussed most of them, including "the nature and circumstances of the offense and the history and characteristics of the defendant," 18 U.S.C. § 3553(a)(1), as well as "the need for the sentence imposed" to promote certain statutory objectives, including "respect for the law, . . . just punishment[,]" and "deterrence," *id.* at (a)(2), even though procedural reasonableness does not require that the district court "march through § 3553(a)'s sentencing factors" when rendering a sentence within the Guidelines' range.  *United States v. Rines*, 419 F.3d 1104, 1107 (10th Cir. 2005).

Considered substantively, within-Guidelines sentences are presumed to be reasonable. *Haley*, 529 F.3d at 1311. Here, as the district court recognized, nothing in Mr. Mendoza's case suggests that a within-Guidelines sentence would be unreasonable. The court acknowledged that it had authority to vary from the Guidelines, and took into account Mr. Mendoza's proffered reasons for a downward variance: that he had reentered the United States to earn money to pay for medical treatment for his girlfriend and for his mother, and that his 1992 conviction for assault with intent to commit rape is relatively minor (citing his unsubstantiated version of events). On this basis, we see no grounds for arguing that imposing a bottom-of-the-range 57-month sentence was beyond the district court's discretion. Nor is there any evidence that Mr. Mendoza's plea was unknowing or involuntary or lacked a factual basis. *See United States v. Graham*, 466 F.3d 1234, 1239 (10th Cir. 2006); *United States v. Blair*, 54 F.3d 639, 643-44 (10th Cir. 1995).

Further, having carefully reviewed the record, we are satisfied that the district court's denial of Mr. Mendoza's motion for new counsel was likewise not an abuse of discretion. *See United States v. Nichols*, 841 F.2d 1485, 1504 (10th Cir. 1988). To the extent Mr. Mendoza takes issue with Mr. Baiamonte's effectiveness, such claims are ordinarily brought on collateral review, not on direct appeal. *See United States v. Brooks*, 438 F.3d 1231, 1242 (10th Cir. 2006). This is "to ensure that we are provided with a developed factual record of the

events." *Id.* Consequently, we dismiss Mr. Mendoza's claims of ineffective assistance of counsel without prejudice to his ability to raise this issue on collateral review. *See id.* (holding such claims "presumptively dismissible") (quotation omitted). Finally, because we find no legal points arguable on their merits, we deny Mr. Mendoza's request for appointment of new appellate counsel. *See United States v. Delacruz-Soto*, 414 F.3d 1158, 1168 n.6 (10th Cir. 2005) (observing that counsel's "mere filing of [an *Anders*] brief does not provide a defendant with the right to the appointment of a new attorney").

## CONCLUSION

We have carefully considered counsel's and Mr. Mendoza's arguments and independently reviewed the record, and we find that there is no non-frivolous basis for appeal. Accordingly, we DISMISS the appeal without prejudice to subsequent efforts to raise the issue of ineffective assistance of counsel on collateral review, GRANT counsel's motion to withdraw, and DENY Mr. Mendoza's request for appointment of new appellate counsel.

Entered for the Court

Wade Brorby
Circuit Judge

-7-