**F I L E D**
**December 21, 2005**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

RONALD DANIEL KELLY,

     Defendant - Appellant.

No. 04-6187
(D.C. No. 03-CR-261-T)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **EBEL**, **McKAY** and **HENRY**, Circuit Judges.

---

Ronald Kelly pleaded guilty to possession of pseudoephedrine with intent

to manufacture methamphetamine. He claims that the district court committed

both constitutional and non-constitutional Booker error in sentencing him.

---

[*]After examining appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the
determination of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R.
34.1(G). The case is therefore ordered submitted without oral argument. This
Order and Judgment is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be
cited under the terms and conditions of 10th Cir. R. 36.3.

Because we remand for resentencing based on non-constitutional <u>Booker</u> error, we need not address whether remand is required based on constitutional <u>Booker</u> error.

## I. BACKGROUND

In 2003, agents learned from a confidential source that Mr. Kelly and a partner were attempting to acquire methamphetamine precursors. An undercover agent arranged to provide the two men with pseudoephedrine, which Mr. Kelly planned to use to make methamphetamine. The agent claims that Mr. Kelly wanted five cases of pseudoephedrine and that Mr. Kelly said the five cases would produce at least two and a half pounds of methamphetamine. The five cases that the agent brought each contained 144 bottles of 60 count, 60 mg tablets, equating to 2.592 kilograms of pseudoephedrine. Mr. Kelly was arrested while accepting the cases.

Mr. Kelly pleaded guilty to knowing possession of pseudoephedrine with intent to manufacture a controlled substance, a crime under 21 U.S.C. § 841(c)(1). The presentence report calculated his base offense level as 36 based on possession of between 1 and 3 kilograms of pseudoephedrine. <u>See</u> United States Sentencing Guidelines Manual ("U.S.S.G.") § 2D1.11(d)(2). Mr. Kelly's attorney filed an objection to the presentence report, claiming that Mr. Kelly thought he was receiving five smaller cases each containing 72 bottles with 36 pills per bottle, for

a total of .813 kilograms, which would correspond to a base offense level of 34. See U.S.S.G. § 2D1.11(d)(3).

Based on evidence introduced at the sentencing hearing, the district court overruled Mr. Kelly's objection, reduced the offense level by three based on Mr. Kelly's acceptance of responsibility, and sentenced him to 151 months in prison — the bottom of the Guideline range. Mr. Kelly addressed the court at the hearing, stating in part that "I realize that the guidelines are set, but I do feel that they're unconstitutional in their disparity from violent crimes to non-violent crimes, and they also don't allow the Court to have a discretionary manner in individual cases." Mr. Kelly now appeals his sentence.

In March of this year, we denied the government's motion to enforce the waiver provisions in Mr. Kelly's plea agreement. In April, Mr. Kelly filed a Motion to Relieve Appointed Counsel and To Proceed Pro Se, claiming that his court-appointed appellate attorney "has failed to provide copies of any Briefs or Motions as promised and requested by Movant; has avoided communication with Movant regarding movant's case; has failed to prosecute Movant's appeal; [and] has failed to file appropriate supplemental authority brief-letters which are crucial and essential to Movant's case." The attorney has since filed both opening and reply briefs on appeal.

## II. DISCUSSION

### A.  Mr. Kelly's motion to proceed *pro se*

As an initial matter, we deny Mr. Kelly's motion to remove his appointed counsel.  The attorney has apparently provided adequate representation for Mr. Kelly in this appeal, and given that we grant relief to Mr. Kelly on the basis of that representation, we see no need to allow Mr. Kelly to proceed *pro se*.

### B.  Mr. Kelly's arguments on the merits

On the merits, Mr. Kelly[1] claims that in light of United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005), the district court violated his Sixth Amendment rights by enhancing his sentence based on a finding by a preponderance of the evidence as to the amount of pseudoephedrine Mr. Kelly possessed.  Mr. Kelly also claims that the district court committed non-constitutional Booker error by applying the Guidelines in a mandatory fashion. See United States v. Gonzalez-Huerta, 403 F.3d 727, 731–32 (10th Cir.) (en banc) (distinguishing constitutional and non-constitutional Booker error), cert. denied, 126 S. Ct. 495 (2005).  He thus contends that remand for resentencing is required. In addition, Mr. Kelly claims that on remand it would violate his due process rights for the sentencing judge to find facts under the remedial Booker opinion.

---

[1]Although made by his appointed counsel, we attribute these arguments to Mr. Kelly.

## 1. <u>Booker</u> error

We agree that the district court committed non-constitutional <u>Booker</u> error by treating the Guidelines as mandatory rather than discretionary. <u>See</u> <u>Gonzalez-Huerta</u>, 403 F.3d at 731–32. Because Mr. Kelly preserved the error for appeal by objecting *pro se* at sentencing that the Guidelines "don't allow the Court to have a discretionary manner in individual cases," we must remand for resentencing unless that error was harmless. <u>United States v. Geames</u>, 427 F.3d 1333, 1339 (10th Cir. 2005).

In <u>United States v. Labastida-Segura</u>, 396 F.3d 1140, 1143 (10th Cir. 2005), we held that where the district court mandatorily imposed a sentence that

> was already at the bottom of the guidelines range, to say that the district court would have imposed the same sentence given the new legal landscape (even after consulting the Sentencing Guidelines in an advisory capacity) places us in the zone of speculation and conjecture—we simply do not know what the district court would have done after hearing from the parties.

We thus found that the error in <u>Labastida-Segura</u> was not harmless. <u>Id.</u> Similarly, because Mr. Kelly was sentenced at the bottom of the Guidelines range, and because there is no indication that the district court would have imposed the same sentence under a discretionary sentencing scheme, we cannot conclude that

the error was harmless.  See United States v. Nickl, 427 F.3d 1286, 1302 (10th

Cir. 2005).  We therefore remand for resentencing.[2]

### 2. Due process

Mr. Kelly claims that because his offense was committed before the

Supreme Court's decision in Booker, at resentencing the district court should be

"limited to sentencing Mr. Kelly based on the facts admitted in his guilty plea."

He claims that "taking into account additional facts not admitted in connection

with the guilty plea, would violate *ex post facto* principles inherent in the Due

Process Clause of the Fifth Amendment."  And, because the guilty plea merely

refers to "possession of pseudoephedrine," not to any specific drug quantity, Mr.

Kelly argues that at resentencing his base offense level should be 12 — based on

the smallest amount of pseudoephedrine in the Guidelines.  See U.S.S.G.

§ 2D1.11(d)(14).  In the alternative, Mr. Kelly argues that any facts used at

resentencing to increase his punishment must be found beyond a reasonable

doubt.

Mr. Kelly's arguments are without merit.  In United States v. Rines, we

rejected the argument that applying Booker's "remedial holding in sentencing for

an offense that predated Booker would violate the Fifth Amendment's Due

_____

[2]Because we conclude that resentencing is required based on non-constitutional Booker error,  we need not address whether remand is also required due to constitutional Booker error.

Process Clause." 419 F.3d 1104, 1106 (10th Cir. 2005). As we made clear, accepting this argument would be "contrary to the Supreme Court's explicit instructions in Booker," id., since the Supreme Court specifically held that "we must apply today's holdings—both the Sixth Amendment holding *and our remedial interpretation of the Sentencing Act*—to all cases on direct review." Booker, 125 S. Ct. at 769 (emphasis added).[3] We note in addition that even if the district court *were* precluded from finding facts at resentencing, Mr. Kelly is incorrect that the base offense level for the smallest amount of pseudoephedrine would apply because Mr. Kelly admitted in his objection to the presentence report and at the sentencing hearing that he possessed 0.813 kilograms of pseudoephedrine.[4]

Mr. Kelly's alternative argument — that at resentencing any sentence-enhancing facts must be proven beyond a reasonable doubt — also fails because

[3]The First, Second, Fifth, Seventh, Ninth, and Eleventh circuits have similarly rejected *ex post facto*/due process challenges to application of the remedial portion of Booker. See United States v. Lata, 415 F.3d 107 (1st Cir. 2005); United States v. Vaughn, --- F.3d ----, 2005 WL 3219706 (2d Cir. 2005); United States v. Scroggins, 411 F.3d 572 (5th Cir. 2005); United States v. Jamison, 416 F.3d 538 (7th Cir. 2005); United States v. Dupas, 417 F.3d 1064 (9th Cir.), amended by 419 F.3d 916 (9th Cir. 2005); United States v. Duncan, 400 F.3d 1297 (11th Cir.), cert. denied, 126 S. Ct. 432 (2005).

[4]Mr. Kelly contends that he is not bound by this admission because it was made by his attorney and is therefore not a "fact admitted by a defendant." However, counsel's admission to a drug amount made on Mr. Kelly's behalf is sufficient. See United States v. Buonocore, 416 F.3d 1124, 1134 (10th Cir. 2005).

after <u>Booker</u> "district courts are still required to consider Guideline ranges, *which are determined through application of the preponderance standard*, just as they were before." <u>United States v. Magallanez</u>, 408 F.3d 672, 685 (10th Cir.) (citation omitted, emphasis added), <u>cert. denied</u>, 126 S. Ct. 468 (2005). Although Mr. Kelly feels that the opinion in <u>Magallanez</u> was in error, we are bound by our precedent.

## III. CONCLUSION

For the foregoing reasons, we REMAND this case to the district court for resentencing.

ENTERED FOR THE COURT

David M. Ebel
Circuit Judge