**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**

File Name: 06a0249n.06

Filed: April 11, 2006

No. 05-1550

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| **Plaintiff-Appellee,** | ) | **ON APPEAL** FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE EASTERN |
| | ) | DISTRICT OF MICHIGAN |
| VU VAN NGUYEN, | ) | |
| | ) | **O P I N I O N** |
| **Defendant-Appellant.** | ) | |
| _____ | ) | |

Before: KENNEDY, MOORE, and SUTTON, Circuit Judges.

**KAREN NELSON MOORE, Circuit Judge.** Defendant-Appellant Vu Van Nguyen ("Nguyen") pleaded guilty to conspiracy to distribute and to possess with intent to distribute 100 kilograms or more of marijuana, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(vii), and 846. Nguyen's plea came on the verge of his trial, and the plea was offered and accepted without any Rule 11 agreement or written factual basis. At his plea hearing, the district court verified that Nguyen understood that he was pleading guilty to the indictment, which charged that at least 100 kilograms of marijuana was involved in the conspiracy. At sentencing, the district court found that evidence presented by the government established that Nguyen was responsible for over 100 kilograms of marijuana. The court sentenced Nguyen to 60 months of imprisonment, within the advisory Guidelines range of 51 to 63 months for that quantity. Nguyen now appeals his sentence, arguing that the district court's factual finding that he was responsible for more than 100 kilograms

was clear error. Nguyen claims that because there was insufficient evidence about the quantity of drugs, his sentence violates the Sixth Amendment and is unreasonable. Because we conclude that the district court's conclusion that Nguyen was responsible for more than 100 kilograms of marijuana was not clear error, that his sentence does not offend the Sixth Amendment, and that the sentence is reasonable, we AFFIRM.

## I. FACTS AND PROCEDURE

Just before his trial was to begin, Nguyen pleaded guilty to conspiracy to distribute and to possess with intent to distribute 100 kilograms or more of marijuana. The conspiracy involved the distribution of large quantities of Canadian-grown marijuana, which was smuggled south over the Canadian border into Michigan and then on to eastern and northern cities in the United States. Millions of dollars in proceeds from the sale of the marijuana was then smuggled back north across the Canadian border. The parties do not dispute that on four occasions in September and October of 2003, Nguyen dropped off duffle bags containing marijuana to a Drug Enforcement Administration ("DEA") cooperating witness at several locations in Macomb County, Michigan. The duffle bags contained many small clear plastic bags of marijuana. The DEA did not seize these bags immediately after Nguyen passed them off to the cooperating agent, but rather arranged for the cooperating witness to continue to the delivery destinations as directed by those in the conspiracy in order to further the government's investigation of the conspiracy.

At his plea hearing on January 4, 2005, Nguyen admitted that he was paid several thousand dollars on several occasions to transport large duffle bags of marijuana from co-conspirators who had smuggled the bags in from Canada to other co-conspirators in cities in the United States. There was no discussion at the plea hearing of the specific quantity of marijuana or the number of bags of

marijuana for which Nguyen was responsible. The district court judge noted that the indictment stated that at least 100 kilograms of marijuana was involved in the conspiracy, explained to Nguyen that the judge would be determining the drug amount for sentencing purposes, and stated that "if more than one hundred kilograms were involved, the sentencing is at a higher level." J.A. at 72 (Plea Hr'g Tr. at 12). After asking Nguyen several questions about his involvement in the conspiracy and verifying that Nguyen understood the implications of his guilty plea, the district court accepted the plea.

The Probation Department issued a Presentence Investigation Report ("PSR") on February 18, 2005, concluding that Nguyen was responsible for transporting 150 kilograms of marijuana. Nguyen filed three objections to the PSR. Most significantly, Nguyen argued that police lab reports only documented that he was responsible for one bag weighing approximately 54 pounds (approximately 24 kilograms) and another set of two bags weighing 44.9 kilograms, and that the prosecution had therefore failed to prove that he was responsible for the 150 kilograms suggested in the PSR. Nguyen repeated these objections to the PSR in his sentencing memorandum, which he filed on April 14, 2005. This memorandum incorrectly stated that one of the bags held 54 *kilograms* of marijuana rather than pounds, and therefore stated that Nguyen admitted to responsibility for 99 kilograms of marijuana.

In its sentencing memorandum, the government explained the factual basis for its conclusion that Nguyen was responsible for approximately 150 kilograms of marijuana. Two sets of bags that Nguyen had given to the cooperating witness were eventually seized by the DEA and subjected to a formal laboratory drug analysis, and were found to contain 44.9 kilograms and 24 kilograms of marijuana respectively. The government did not conduct laboratory analyses of the other two sets

of bags that Nguyen delivered to the cooperating witness, but the government argued to the district court that, nevertheless, reliable and uncontested evidence established that the two sets of bags contained 32 kilograms and 49 kilograms of marijuana respectively. When delivering the first bag, Nguyen stated to the cooperating witness that the bag contained "72," which the government argues meant 72 pounds — equal to approximately 32 kilograms — of marijuana. The second transaction, which involved two bags, was intercepted en route by the DEA, and agents opened, examined, photographed, and weighed the contents before returning the bags to be delivered. The agents concluded that those bags contained 49 kilograms of marijuana. The government argued in its memorandum that Nguyen was responsible for the total of these bags plus the two deliveries that were analyzed by the government labs, producing a total quantity of 149.9 kilograms of marijuana.

Nguyen renewed his objections to the government's calculation of the quantity of marijuana at his sentencing hearing on April 21, 2005, and stated that he was only stipulating to 68 kilograms of marijuana (the approximate total of the marijuana analyzed and documented by the police labs) for the purposes of sentencing. The government argued that it had met its burden of proof on the issue of drug quantity, because as outlined in its sentencing memorandum, it had produced evidence that the deliveries of marijuana not analyzed by the government laboratories held 32 kilograms and 49 kilograms of marijuana respectively. The government urged the district court to conclude that this evidence, combined with the quantity documented by lab analysis, established that Nguyen was responsible for approximately 150 kilograms of marijuana.

The district court was convinced by the government's evidence of drug quantity, and rejected Nguyen's argument that the government had failed to produce sufficient evidence that he was responsible for more than 100 kilograms. The district court concluded that the government's

4

evidence about the two deliveries of marijuana that were not analyzed by the lab "substantiates a total weight of marijuana in excess of 180 kilograms when combined with the marijuana that the Defendant admitted that he possessed."[1] J.A. at 139 (Sentencing Hr'g Tr. at 20). The judge found that Nguyen had a total offense level of 24, which accounted for a two-level reduction for acceptance of responsibility, and found that he had a criminal history category of I. That produced a Guidelines range of 51-63 months, which the court acknowledged was advisory. The court stated that it would consider the § 3553(a) factors as well. After allowing the parties to make final comments about the appropriate sentence, the district court imposed a sentence of 60 months of imprisonment.[2] Nguyen renewed his objection to the district court's fact-finding about the quantity of marijuana after his sentence was announced, and he filed a timely notice of appeal.

Both parties agreed at oral argument that the issue before us on appeal is whether the district court found by a preponderance of the evidence that Nguyen was responsible for more than 100 kilograms of marijuana. We now consider that issue.

---

[1]The district court's conclusion that Nguyen was responsible for a total of 180 kilograms was incorrect, and was likely based upon the error in defendant's sentencing memorandum that confused pounds with kilograms. The government never claimed that Nguyen was responsible for 180 kilograms of marijuana, but rather argued that the amount was 149.9 kilograms in its sentencing memorandum and 150 kilograms in the PSR. This error does not affect our analysis of this issue, however, because Sentencing Guideline § 2D1.1(c)(7), which the district court properly used to calculate the advisory Guidelines sentence in this case, establishes a base offense level of 26 for at least 100 kilograms but less than 400 kilograms. The district court therefore arrived at the same base offense level that it would have if it had found the total quantity to be any amount between 100 and 400 kilograms.

[2]Sixty months of imprisonment is also the mandatory minimum sentence for 100 kilograms or more of marijuana pursuant to 21 U.S.C. § 841(b)(1)(B)(vii), but the district court expressly stated that it was sentencing Nguyen under the Guidelines rather than pursuant to the mandatory minimum.

5

## II. ANALYSIS

"[A] district court's ruling on the amount of [drugs] for which a defendant is to be held accountable at sentencing is a finding of fact that will not be set aside unless clearly erroneous." *United States v. Gardner*, 417 F.3d 541, 543 (6th Cir. 2005). "Once we conclude that the district court has properly consulted the Sentencing Guidelines, we review the sentence for reasonableness." *United States v. Gibson*, 409 F.3d 325, 338-39 (6th Cir. 2005).

Nguyen argues that the district court erroneously found that he was responsible for more than 100 kilograms of marijuana, and that his sentence therefore violates his Sixth Amendment rights and is unreasonable in light of *United States v. Booker*, 543 U.S. 220 (2005). Nguyen correctly acknowledges that judicial fact-finding that is necessary to calculate an advisory Guidelines range comports with the Sixth Amendment. "*Booker* did not eliminate judicial fact-finding. Instead, the remedial majority gave district courts the option, after calculating the Guideline[s] range, to sentence a defendant outside" that range. *United States v. Stone*, 432 F.3d 651, 654-55 (6th Cir. 2005). "Where the quantity of drugs at issue cannot be easily determined, the district court may estimate the amount, but the 'court must err on the side of caution.'" *Gardner*, 417 F.3d at 546 (quoting *United States v. Walton*, 908 F.2d 1289, 1302 (6th Cir. 1990)). A factual finding of a drug quantity for the purposes of calculating an advisory Guidelines range must be based upon reliable information and supported by a preponderance of the evidence. *See United States v. Yagar*, 404 F.3d 967, 972 (6th Cir. 2005); *Gardner*, 417 F.3d at 546.

Nguyen argues that the district court clearly erred when it concluded that those bags for which there is no lab report, when added to the 68 kilograms which he admitted to at sentencing, resulted in a total quantity of marijuana in excess of 100 kilograms. Nguyen does not dispute that

6

when he passed one of the contested bags to the cooperating witness, he stated that the bag contained "72," nor does he contest that the statement meant 72 pounds (approximately 32 kilograms) of marijuana. When the other two contested bags that Nguyen delivered were intercepted en route, DEA agents weighed them and found that they contained 49 kilograms of marijuana. Nguyen argues that the lack of a formal lab report on these bags means that the government has not met its burden of proof in establishing the drug quantity in those bags. We disagree. We conclude that there was sufficient evidence for the district court to find by a preponderance of the evidence that the quantity of marijuana for which Nguyen was responsible was in excess of 100 kilograms. The district court's conclusion was not clearly erroneous, and Nguyen's Sixth Amendment argument is without merit.

We also conclude that Nguyen's 60-month sentence was reasonable. The record does not suggest that the court simply selected a sentence it deemed appropriate without explanation or that the district court neglected to consider the § 3553(a) factors. *See United States v. Webb*, 403 F.3d 373, 383 (6th Cir. 2005). The district court spoke of the seriousness of the offense, stating that Nguyen had admitted his involvement in a massive drug conspiracy, and that the court had "never seen a more massive case in fact, in terms of marijuana quantity or profit." J.A. at 144 (Sentencing Hr'g Tr. at 25). The district court's statement that the sentence reflected "the need for punishment to reflect society's official disapproval of massive drug conspiracies, the harm that that presents to organized society," indicates that the court considered the need to provide just punishment for Nguyen's crime and to afford adequate deterrence. The court also stated that it considered the other § 3553(a) factors, but that they were "of lesser significance to me in this particular case." J.A. at 144 (Sentencing Hr'g Tr. at 25). While we may have been aided in conducting our review for reasonableness by more elaboration from the district court about why the various other 18 U.S.C.

7

§ 3553(a) factors were of a lesser significance, we nevertheless conclude that the court did "communicate clearly its rationale for imposing the specific sentence." *United States v. Richardson*, 437 F.3d 550, 554 (6th Cir. 2006). Nguyen's sentence was reasonable in light of the Guidelines range and the § 3553(a) factors.

## III. CONCLUSION

We conclude that Nguyen's sentence does not violate the Sixth Amendment and is reasonable, and therefore we **AFFIRM** the judgment of the district court.