**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 05-4648

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DANA SANDER,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Durham. William L. Osteen, District Judge. (CR-03-142)

Submitted: March 29, 2006          Decided: April 27, 2006

Before LUTTIG and KING, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Thomas N. Cochran, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Anna Mills Wagoner, United States Attorney, L. Patrick Auld, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Dana Sander pled guilty to conspiracy to distribute more than 50 grams of cocaine base (crack), 21 U.S.C. § 846 (2000), and was sentenced initially to a term of 210 months imprisonment. In her initial appeal, Sander challenged the district court's determination that she was responsible for 145 grams of crack. We affirmed her sentence, United States v. Calloway, 108 F. App'x 810 (4th Cir. 2004) (No. 03-4906), but granted rehearing, vacated the sentence, and remanded for resentencing in accordance with United States v. Booker, 543 U.S. 220 (2005), and United States v. Hughes, 410 F.3d 540 (4th Cir. 2005). On remand, the district court again found that Sander was responsible for 145 grams of crack,[*] and sentenced her to a term of 160 months imprisonment. In this appeal, Sander again challenges her sentence, contending that the district court violated this court's remand order and the Sixth Amendment by determining the drug quantity by a preponderance of the evidence. Sander also argues that the district court's finding was clearly erroneous. We affirm.

The Supreme Court held in Booker that the mandatory manner in which the federal sentencing guidelines required courts to impose sentencing enhancements based on facts found by the court

---

[*]The court eliminated a two-level enhancement for possession of a dangerous weapon, USSG § 2D1.1(b)(1), refused Sander a minor role adjustment, USSG § 3B1.2, and gave her a three-level adjustment for acceptance of responsibility, USSG § 3E1.1. The advisory guideline range was 151-188 months.

by a preponderance of the evidence violated the Sixth Amendment. The Court remedied the constitutional violation by making the guidelines advisory. Hughes, 401 F.3d at 546 (citing Booker, 543 U.S. at 245). After Booker, sentencing courts must calculate the appropriate guideline range after making findings of fact, consider the range in conjunction with other relevant factors under the guidelines and 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2005), and impose a sentence. Hughes, 401 F.3d at 546. This court will affirm the sentence if it is "within the statutorily prescribed range . . . and is reasonable." Id. at 546-47.

The district court did not err on remand in using the preponderance of the evidence standard to assess drug quantity while applying the guidelines as advisory. See United States v. Dalton, 409 F.3d 1247, 1252 (10th Cir. 2005)(Booker's remedy demonstrates that judicial fact finding by a preponderance of the evidence is unconstitutional only when it results in a mandatory increase in the defendant's sentence); United States v. Mares, 402 F.3d 511, 519 (5th Cir.), cert. denied, 126 S. Ct. 43 (2005) (same).

Although Sander relies on United States v. Collins, 415 F.3d 304 (4th Cir. 2005), Collins is readily distinguishable. Collins was convicted of conspiracy to distribute more than fifty grams of crack; however, the district court did not instruct the jury to determine the quantity of crack attributable to Collins

- 3 -

individually as required under <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), and <u>United States v. Promise</u>, 255 F.3d 150 (4th Cir. 2001). <u>Collins</u>, 415 F.3d at 314. The district court then compounded the error by attributing to Collins for sentencing purposes the amount of crack distributed by the whole conspiracy and applying the mandatory minimum ten-year sentence prescribed in 21 U.S.C.A. § 841(b)(1)(A) (West 1999 & Supp. 2005). <u>Id.</u>. In contrast, Sander pled guilty to conspiracy to distribute more than fifty grams of crack, reserving her right to contest the quantity of crack attributed to her for sentencing purposes. On remand, the district court cured the Sixth Amendment error that occurred in the first sentencing by making its fact findings within the context of an advisory guidelines system. For the reasons we explained in Sander's first appeal, the district court did not clearly err in finding that Sander was responsible for 145 grams of crack.

We therefore affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

- 4 -