NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 06a0339n.06
Filed: May 12, 2006

No. 05-3786

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| DARRYL GREEN, | ) | STATES DISTRICT COURT FOR THE |
| | ) | SOUTHERN DISTRICT OF OHIO |
| Defendant-Appellant. | ) | |
| | ) | |

Before: SUTTON and McKEAGUE, Circuit Judges; CALDWELL, District Judge.[*]

SUTTON, Circuit Judge. Darryl Green claims that the district court violated the Due Process Clause when it (rather than a jury) found facts pertinent to the determination of his sentence and when it did so based on a preponderance of the evidence (rather than beyond a reasonable doubt). Because the district court did not commit any error, constitutional or otherwise, we affirm.

I.

According to Green, he "participated in several transactions of heroin, cocaine and marijuana . . . from early 1999 through November 9, 2000[,] in Columbus, Ohio." Green Br. at 8. "These transactions involved illegal substances brought into the central Ohio area . . . and delivered

---

[*] The Honorable Karen K. Caldwell, United States District Judge for the Eastern District of Kentucky, sitting by designation.

to Mr. Green and others for distribution as the recipient saw fit." *Id.* On April 10, 2001, following

an investigation that spanned nearly two years, JA 272–77, a federal grand jury for the Southern

District of Ohio returned a 15-count indictment charging Green with a variety of drug offenses. On

December 5, 2001, Green pleaded guilty to five of those counts: count 1, conspiracy to distribute

and possess with intent to distribute over five kilograms of cocaine, *see* 21 U.S.C. § 846; count 2,

possession with intent to distribute heroin, *see* 21 U.S.C. §§ 841(a)(1), (b)(1)(C) *&* 18 U.S.C. § 2;

counts 3 and 15, possession with intent to distribute more than 100 grams of heroin, *see* 21 U.S.C.

§§ 841(a)(1), (b)(1)(B) *&* 18 U.S.C. § 2; and count 4, conspiracy to distribute and possess with

intent to distribute marijuana, *see* 21 U.S.C. § 846.

After an evidentiary hearing, the district court determined that Green was responsible for 58

kilograms of cocaine, D. Ct. Op. at 16 (June 10, 2002), 180 grams of heroin, *id.* at 17, and 30 pounds

of marijuana, *id.* at 19. These findings led to a base offense level of 36. On July 15, 2002, the court

sentenced Green to 160 months of imprisonment and five years of supervised release. JA 50–51.

In the aftermath of *United States v. Booker*, 543 U.S. 220 (2005), we remanded this

sentencing determination to the district court for resentencing. Continuing to apply "[t]he original

evidentiary determination . . . made with regard to drug quantities," D. Ct. Op. at 7 (June 21, 2005),

separately considering each factor listed in 18 U.S.C. § 3553(a), *id.* at 6–8, and fully appreciating

that the Guidelines were advisory, the district court imposed the same 160-month sentence as before.

II.

On appeal, Green solely challenges the constitutionality of the district court's use of a preponderance-of-the-evidence standard in makings its factual findings, a question of law we review de novo. *United States v. Beverly*, 369 F.3d 516, 536 (6th Cir. 2004). After *Booker*, he alleges, any increase in a sentence based on judge-found facts, as opposed to jury-found facts, under the preponderance-of-the-evidence standard, as opposed to the beyond-a-reasonable-doubt standard, violates the Due Process Clause. We disagree.

Before *Booker*, the Supreme Court had held on a number of occasions "that application of the preponderance standard at sentencing generally satisfies due process." *United States v. Watts*, 519 U.S. 148, 156 (1997); *see also Nichols v. United States*, 511 U.S. 738, 748 (1994); *McMillan v. Pennsylvania*, 477 U.S. 79, 91 (1986). *Booker* did nothing to change this standard. The defendants in *Booker* were sentenced under "mandatory" Guidelines, based on facts "found by a judge," and that judge "us[ed] a preponderance of the evidence standard." 543 U.S. at 232. All nine Justices agreed that a single change to the Guidelines, having nothing to do with the identity of the factfinder or the standard of proof, would have assured their constitutionality: "[E]veryone agrees that the constitutional issues presented by these cases would have been avoided entirely if Congress had omitted from the [Sentencing Reform Act] the provisions that make the Guidelines binding on district judges." *Id.* at 259 (Breyer, J., for the Court) (quoting Stevens, J., for the Court); *see also id.* at 233 (Stevens, J., for the Court) ("If the Guidelines as currently written could be read as merely

advisory provisions that recommended, rather than required, the selection of particular sentences in response to differing sets of facts, their use would not implicate the Sixth Amendment.").

After excising the mandatory requirement of the Sentencing Reform Act of 1984, Pub. L. No. 98-473, 98 Stat. 1987, the Court pronounced that "the remainder of the Act satisfies the Court's constitutional requirements." *Booker*, 543 U.S. at 259, *cf. id*. at 265 ("We can find no feature of the remaining system that tends to hinder, rather than to further, these basic objectives [of Congress]."). The rest of the Act, the Court added, requires that district courts "consult th[e] Guidelines and take them into account when sentencing." *Id*. at 264 (citing 18 U.S.C. §§ 3553(a)(4) & (5)).

Since *Booker*, this court has consistently turned aside constitutional challenges to sentences premised on preponderance-of-the-evidence judicial factfinding. *See, e.g.*, *United States v. Coffee*, 434 F.3d 887, 897–98 (6th Cir. 2006) ("[W]e reiterate this Court's recent admonition . . . [that] '*Booker* did not eliminate judicial factfinding'" and that district courts "'must [ ] calculate the Guideline range as they would have done prior to *Booker* . . . .'") (quoting *United States v. Stone*, 432 F.3d 651, 654–55 (6th Cir. 2005)); *United States v. Anglin*, No. 05-5075, 2006 WL 549439, at *2 (6th Cir. Mar. 8, 2006) ("[The defendant] also argues that because the district court found the facts of his prior convictions by a preponderance of the evidence . . . the sentence violated his Sixth Amendment rights. This argument is foreclosed by . . . *United States v. Booker*.") (citations omitted); *United States v. Nguyen*, No. 15-1550, 2006 WL 988272, at *3 (6th Cir. Apr. 11, 2006) (holding that "judicial fact-finding that is necessary to calculate an advisory Guidelines range comports with the Sixth Amendment" and "must be based upon reliable information and supported

by a preponderance of the evidence"); *United States v. Rainwater*, No. 04-5999, 2005 WL 3429433, at \*2 (6th Cir. Dec. 14, 2005) (affirming sentence where defendant argued "that the judge's determination of the nature of his prior convictions by the preponderance of the evidence standard violated the Sixth Amendment").

Other courts of appeals have reached the same conclusion.  *See, e.g.*, *United States v. Yeje-Cabrera*, 430 F.3d 1, 17 (1st Cir. 2005); *United States v. Vaughn*, 430 F.3d 518, 521 (2d Cir. 2005); *United States v. Cooper*, 437 F.3d 324, 330 (3d Cir. 2006); *United States v. Sander*, No. 05-4648, 2006 WL 1114038, at \*1 (4th Cir. Apr. 27, 2006); *United States v. Mares*, 402 F.3d 511, 519 (5th Cir. 2005); *McReynolds v. United States*, 397 F.3d 479, 481 (7th Cir. 2005); *United States v. Pirani*, 406 F.3d 543, 551 n.4 (8th Cir. 2005) (en banc); *United States v. Dare*, 425 F.3d 634, 642 (9th Cir. 2005); *United States v. Kelly*, No. 04-6187, 2005 WL 3485955, at \*2 (10th Cir. Dec. 21, 2005); *United States v. Thomas*, No. 05-14151, 2006 WL 1081105, at \*6 (11th Cir. Apr. 26, 2006); *United States v. Coles*, 403 F.3d 764, 769 (D.C. Cir. 2005).

In the face of these authorities, Green marshals a single unpublished district-court opinion, *United States v. Kwame Okai*, No. 4:05CR19, 2005 WL 2042301 (D. Neb. Aug. 22, 2005).  This opinion, not yet reviewed by the Eighth Circuit, held that the "Due Process Clause is implicated whenever a judge determines a fact by a standard lower than 'beyond a reasonable doubt' if that factual finding would increase the punishment above the lawful sentence that could have been imposed absent that fact." *Id*. at \*7.  In addition to being non-binding authority here, this decision is no longer good law even in the district court that issued it.  *See Pirani*, 406 F.3d at 551 n.4

No. 05-3786
*United States v. Green*

("Nothing in *Booker* suggests that sentencing judges are required to find sentence-enhancing facts beyond a reasonable doubt under the advisory Guidelines regime.").

III.

For these reasons, we affirm.