File Name: 06a0530n.06
Filed: July 28, 2006

NOT RECOMMENDED FOR FULL-TEXT PUBLICATION

No. 05-6062

**UNITED STATES COURT OF APPEALS**
FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

JIMMY MELTON,

    Defendant-Appellant.

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE WESTERN
DISTRICT OF TENNESSEE

_____/

Before:      MARTIN and GILMAN, Circuit Judges; and SARGUS, District Judge.[*]

    BOYCE F. MARTIN, JR., Circuit Judge.  The defendant, Jimmy Melton, was charged with conspiracy to manufacture and distribute methamphetamine, 21 U.S.C. § 846, aiding and abetting the manufacture and attempt to manufacture methamphetamine, 21 U.S.C. § 841(a)(1), 846, and 18 U.S.C. § 2, aiding and abetting the possession of chemicals, equipment, products, and materials with the intent to manufacture methamphetamine, 21 U.S.C. § 841(a)(1), 843(a)(6), 18 U.S.C. § 2, and aiding and abetting the possession of pseudoephedrine with the intent to manufacture methamphetamine, 21 U.S.C. § 841(c), 18 U.S.C. § 2.  Melton pled guilty and was sentenced to a term of 120 months imprisonment.  He now challenges his sentence by arguing that it was calculated

_____

    [*]The Honorable Edmund A. Sargus, Jr., United States Judge for the Southern District of Ohio, sitting by designation.

based on unconstitutional judicial fact-finding and that it is unreasonable. We now affirm the

defendant's sentence.

I.

Melton pled guilty to count one of the indictment pursuant to a written plea agreement. In

the written agreement, Melton waived his right to appeal his sentence. Following the Supreme

Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), the government agreed to amend

the plea agreement to permit appeal of "any *Booker* issues." At sentencing, the district court heard

arguments regarding various enhancements, including one for possessing firearms, creating a risk

to human life, being on probation, and committing a crime within two years after release from prior

imprisonment. Thus, the district court calculated a criminal history category of III, and a base

offense level of 31. The court applied a three point reduction for acceptance of responsibility,

leading to an advisory guideline range of 97-121 months imprisonment. The statutory minimum to

maximum range was five to forty years. The court then sentenced Melton to 120 months

imprisonment and stated the following:

> [The sentencing range] is an enormous improvement over where Mr. Melton started.
> That's the range that's recommended; and the court's not bound by that range, but
> that's at least to be considered by the court. . . .
>
> Mr. Melton, I have an advisory range of 97 to 121 months that I'm not required to
> follow. I can go below it or above it, but that's the range that I'm to start with. . . .
> Mr. Melton, you have gotten involved in a crime that is in this court's view about as
> serious a crime as one can participate in short of murder or armed robbery. In the
> drug genre, this is the most serious crime there is. Manufacturing or conspiracy to
> manufacture methamphetamine is as bad as it gets because methamphetamine is the
> worst drug this country has faced, at least in my experience. It's horrendous, and the
> impact it has on society is just immeasurable. I see every day families broken up,
> parents lose their children, children lose their [parents], spouses lose their husbands
> or wives because of methamphetamine. It is — it is as bad as the bubonic plague.

And Congress declared that it should be punished severely, and I think appropriately so.

Your range is 97 to 121 months; and while I'm not required to follow that range, I'm going to in this case.

You were very fortunate that you got a plea agreement in this case limiting the quantity of drugs. If you had not — If the timing had not been such, you would have been facing somewhere in the range of thirty years in prison. But because of the uncertainty in the law, your lawyer managed to get a favorable plea agreement for you limiting the quantity of drugs. I'm, therefore, going to sentence you to 120 months in the custody of the Bureau of Prisons. . . .

I also want you to make restitution to the Drug Enforcement Administration in the amount of $3,007.25. . . . I'm going to make you and all the other codefendants jointly and severally liable for the entire amount of this restitution. . . .

Mr. Melton, I hope that you understand that you caught a real break in this case on the sentencing in that while 120 months is a long time, it's not nearly as long as 360 to life.

II.

*A.     Judicial Factfinding*

Before turning to the Sixth Amendment question, the government asserts that Melton may not appeal the calculation of his advisory guideline range. Despite this assertion, the government concedes that Melton may appeal any *Booker* issue, and "only a reasonableness review of the sentence remains." Appellee's Brief at 22. This Court has held that to evaluate a sentence for reasonableness, it must first be determined whether the advisory guideline range was properly calculated. *United States v. McBride*, 434 F.3d 470, 476 (6th Cir. 2006) (citing *United States v. Mickelson*, 433 F.3d 1050 (8th Cir.2006) ("As we recognized in *United States v. Haack*, 403 F.3d 997, 1002-03 (8th Cir.2005), calculation of the appropriate guideline sentence is only the first step in sentencing decisions under *Booker*, for the court must also consider the § 3553(a) factors before

making its ultimate decision.")). Thus, the calculation of the advisory guideline range is properly before this Court.

Melton claims now, as he did at sentencing, that *all* judicial factfinding is prohibited at sentencing and that the only facts that can be considered are those found beyond a reasonable doubt by the jury or admitted by the defendant. In *United States v. Coffee*, this Court reiterated its "recent admonition . . . [that] '*Booker* did not eliminate judicial factfinding' and that district courts 'must [ ] calculate the Guideline range as they would have done prior to Booker. . . .'" 434 F.3d 887, 897-98 (6th Cir.2006) (quoting *United States v. Stone*, 432 F.3d 651, 654-55 (6th Cir.2005)); *see also United States v. Williams*, 411 F.3d 675, 678 (6th Cir.2005) ("*Booker* did not eliminate judicial fact-finding in sentencing in cases where a defendant plead[s] guilty."); *see also United States v. Nguyen*, No. 05-1550, 2006 WL 988272, at *3 (6th Cir. Apr. 11, 2006) (holding that "judicial fact-finding that is necessary to calculate an advisory Guidelines range comports with the Sixth Amendment" and "must be based upon reliable information and supported by a preponderance of the evidence"); *United States v. Pickett*, 2006 WL 1208074 (6th Cir. May 3, 2006) (finding no Sixth Amendment violation because the district court did not use judicially found facts to sentence the defendant beyond the statutorily authorized maximum term).

The Second Circuit has likewise held that a sentencing court may find facts relevant to sentencing by a preponderance of the evidence so long as: (1) the court does not impose the sentence under the misconception that the Guidelines are mandatory; and (2) the sentence does not exceed the statutory maximum authorized by the jury verdict or facts admitted by the defendant. *United States v. Vaughn*, 430 F.3d 518, 527 (2d Cir. 2005). The Seventh Circuit has reached the same

conclusion. *See United States v. Bryant*, 420 F.3d 652, 656 (7th Cir. 2005) (holding that *Booker* and post-*Booker* cases do not "foreclose judicial factfinding in the sentencing context, nor do they dictate that judges must find those facts beyond a reasonable doubt"). That is, "*Booker* and its predecessors make clear that a Sixth Amendment problem emerges if judicial factfinding results in a sentence exceeding the statutory maximum, for example, or if such factfinding requires a particular sentence in the context of a mandatory sentencing guidelines scheme." *Id.*; *accord United States v. Trujillo-Terrazas*, 405 F.3d 814, 818 (10th Cir. 2005) ("By rendering the Guidelines discretionary, the [Supreme] Court saved the process of judicial factfinding from unconstitutionality under the Sixth Amendment."); *see also United States v. Yeje-Cabrera*, 430 F.3d 1, 17 (1st Cir. 2005); *United States v. Cooper*, 437 F.3d 324, 330 (3d Cir. 2006); *United States v. Mares*, 402 F.3d 511, 519 (5th Cir. 2005); *United States v. Pirani*, 406 F.3d 543, 551 n. 4 (8th Cir. 2005) (en banc); *United States v. Dare*, 425 F.3d 634, 642 (9th Cir. 2005); *United States v. Coles*, 403 F.3d 764, 769 (D.C. Cir. 2005).

In this case, to apply the firearm enhancement in a conspiracy case, the government must demonstrate that the defendant or a member of the conspiracy "possessed the firearm and that the member's possession was reasonably foreseeable by other members in the conspiracy." *United States v. Johnson*, 344 F.3d 562, 565 (6th Cir. 2003). Once the government demonstrates possession, the defendant can avoid the enhancement by showing that it was "clearly improbable that the weapon was connected with the offense." *Id.* at 565-67 (quoting U.S.S.G. § 2D1.1(b)(1), cmt. 3). In this case, the district court found that "there was an arsenal at this house," where the methamphetamine was being cooked. The district court then found that

> ...it was some thirteen firearms scattered throughout the house. The court cannot find that these firearms were not related to the drug conspiracy, and it seems extremely likely that this arsenal was kept there to protect either the proceeds of the methamphetamine cook or the drugs themselves or perhaps the safety of the cookers. Based upon paragraph 8 in the plea agreement, the court finds that a firearm was possessed during this drug conspiracy.

Melton did not contest the actual facts; rather, he merely asserted that the district court lacked the power to find facts. As discussed above, the district court does have the power to engage in judicial factfinding, and the enhancement here is established by a preponderance of the evidence.

Likewise, the district court enhanced the defendant's sentence for substantial risk to human life. The court stated that it "can take notice that methamphetamine cooks are extremely hazardous, particularly in the quantities that we have in this case. The fact that the hazardous materials team arrived to clean up the mess is evidence that this was a hazardous situation because the hazmat team would not be needed were it not a substantial risk to human life." This enhancement is established by a preponderance of the evidence.

Because the advisory guideline range was properly calculated, this Court now turns to the reasonableness of the sentence.

### B.     Reasonableness Review

In *United States v. Booker*, 543 U.S. 220 (2005), the Supreme Court held that the federal sentencing guidelines are now advisory. A district court must "impose a sentence sufficient, but not greater than necessary to comply with the purposes set forth in [§ 3553(a)(2)]." 18 U.S.C. § 3553(a). This Court now reviews sentences for reasonableness. *United States v. Webb*, 403 F.3d 373, 383 (6th Cir. 2005); *see also United States v. Foreman*, 436 F.3d 638, 644 n.1 (6th Cir. 2006)

(stating that reasonableness is the *appellate* standard of review). This Court has held that "we may conclude that a sentence is unreasonable when the district judge fails to 'consider' the applicable guidelines range or neglects to 'consider' the other factors listed in 18 U.S.C. § 3553(a), and instead simply selects what the judge deems an appropriate sentence without such consideration." *Webb*, 403 F.3d at 383.

In *United States v. Williams*, 436 F.3d 706, 708 (6th Cir. 2006), this Court determined that a sentence within a properly calculated advisory guideline range is afforded a presumption of reasonableness. Nevertheless, this "rebuttable presumption does not relieve the district court of the obligation to consider other relevant statutory factors or sufficiently articulate its reasoning so as to permit reasonable appellate review." *United States v. Morris*, — F.3d —, 2006 U.S. App. LEXIS 12250, at *5 (6th Cir. May 19, 2006) (citing *United States v. Richardson*, 437 F.3d 550 (6th Cir. 2006)); *see also Foreman*, 436 F.3d at 644 (explaining that "*Williams* does not mean that a Guideline sentence will be found reasonable in the absence of evidence in the record that the district court considered all of the relevant section 3553(a) factors"); *United States v. Jackson*, 408 F.3d 301, 305 (6th Cir. 2005) (reaffirming that "we as an appellate court must still have the articulation of the reasons the district court reached the sentence ultimately imposed"). Although this Court does not require "the ritual incantation of these factors to affirm a sentence," *Williams*, 436 F.3d at 708-09, there must be "sufficient evidence in the record to *affirmatively demonstrate* the court's consideration" of the relevant section 3553(a) factors, *McBride*, 434 F.3d at 476 n.3.

In this case, the district court properly calculated the advisory guideline range. The court then imposed a sentence at the at the top of that advisory range. The court provided a reasonable

explanation for its sentence, much of which occurred while discussing the presentence report. During the actual imposition of the sentence, the district court touched on nearly every single section 3553(a) factor.[1]  First, the district court discussed the nature and circumstances of the offense, including the large quantity of drugs, firearms, and danger involved.  The court also considered Melton's characteristics, including his past criminal history.  The court discussed the need for the sentence to reflect the seriousness of the offense by describing the manufacture and distribution of methamphetamine "as serious a crime as one can participate in short of murder and armed robbery" and stated that "it is as bad as the bubonic plague."  The court discussed the need to protect the public from the defendant's crimes by discussing the effect methamphetamine has on American citizens and families.  The district court acknowledged the other types of sentences available — *i.e.*, the court acknowledged that it could vary from the advisory range by going higher or lower, but chose to stay within the range in this case.  The court also determined that based on the crime and the defendant's characteristics, he should not be housed in a minimum security facility.  The court also discussed how fortunate the defendant was in this case that his plea agreement limited the drug quantity and that the defendant was truly eligible for a sentence of from thirty years up to life imprisonment.  The court also discussed Congress's intent to impose harsh sentences for the defendant's crimes, and finally, the court considered the need to provide restitution and so ordered restitution.

---

[1]The factors include the nature and circumstances of the offense and the characteristics of the offender; the need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment; the kind of sentences available; the appropriate advisory guideline range; pertinent policy statement by the Sentencing Commission; the need to avoid unwarranted sentencing disparities; and the need to provide restitution.  18 U.S.C.§ 3553(a).

Moreover, on appeal, the defendant has failed to offer "any explanation [] as to what factors listed in § 3553(a) the district court should have considered, or how these factors would have made a difference in the sentence he received." *United States v. Christopher*, 415 F.3d 590, 594 (6th Cir. 2005). Thus, we hold that the sentence is reasonable and should be affirmed.

III.

For the reasons discussed above, we AFFIRM the sentence imposed.