**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 12, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

RONALD DANIEL KELLY,

     Defendant - Appellant.

No. 06-6284
(D.C. No. CR-03-261-T)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **HARTZ**, and **GORSUCH**, Circuit Judges.

In 2004, Ronald Daniel Kelly appealed his sentence resulting from a plea of

guilty to possession of pseudoephedrine with intent to manufacture

methamphetamine, in violation of 21 U.S.C. § 841(c)(1). Finding that the district

court committed nonconstitutional Booker error, we remanded his case for

resentencing. United States v. Kelly, 159 F. App'x 864 (10th Cir. 2005). At the

---

[*] The case is unanimously ordered submitted without oral argument
pursuant to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and
judgment is not binding precedent, except under the doctrines of law of the case,
res judicata, and collateral estoppel. The court generally disfavors the citation of
orders and judgments; nevertheless, an order and judgment may be cited under the
terms and conditions of 10th Cir. R. 32.1.

resentencing hearing, the district court imposed the same sentence, and Kelly now appeals. Exercising jurisdiction under 28 U.S.C. § 1291, we **AFFIRM**.

On December 30, 2003, Kelly pleaded guilty to possession of pseudoephedrine with intent to manufacture methamphetamine in violation of 21 U.S.C. § 841(c)(1). Nothing in the charging documents, plea agreement, or petition to enter a guilty plea indicated the quantity of pseudoephedrine Kelly possessed at the time of his arrest. Kelly's Presentence Report ("PSR") indicated that he possessed 2.592 kilograms of pseudoephedrine, resulting in a base offense level of 36. After a three point adjustment for acceptance of responsibility, Kelly's offense level was reduced to 33. With three criminal history points from a prior conviction for first-degree murder, the PSR calculated a criminal history category of II. For an offense level of 33 and a criminal history category of II, the recommended Guidelines range is 151 to 188 months' imprisonment.

Kelly raised objections to the PSR and, in particular, contested the quantity of pseudoephedrine, claiming that he believed he was receiving less than one kilogram of the methamphetamine precursor. On May 26, 2004, the district court heard testimony from Officer Mark Danner, a task force officer with the Drug Enforcement Administration ("DEA") who was involved in Kelly's arrest, and concluded that the quantity listed in the PSR was correct.[1] The court sentenced

---

[1] The transcript from the May 26, 2004, sentencing hearing is not included in the record on appeal. Thus in discussing Danner's testimony, we refer

(continued...)

Kelly to 151 months' imprisonment, which sentence Kelly appealed. While his appeal was pending, the Supreme Court decided United States v. Booker, 543 U.S. 220 (2005), and we subsequently remanded his case for resentencing for nonconstitutional Booker error. Kelly, 159 F. App'x at 865.

At Kelly's resentencing hearing, Danner testified again, stating that in 2003 the DEA received information from a confidential informant that Kelly and Kelly's co-defendant, David McKee,[2] were interested in purchasing a large quantity of pseudoephedrine in order to manufacture methamphetamine. On October 23, 2003, Danner, acting undercover, and the confidential informant met with McKee to discuss a possible deal. McKee told them that Kelly was an accomplished methamphetamine "cook" who could produce high yields of methamphetamine if Danner and the informant supplied him with pseudoephedrine. They arranged another meeting with McKee and Kelly for November 17, 2003. At that meeting, Danner told Kelly that he could provide five cases of pseudoephedrine, with each case consisting of 144 bottles, and each bottle containing 60 tablets weighing 60 milligrams. In response, Kelly claimed he could produce two and one-half kilograms of methamphetamine from that

---

[1](...continued)
exclusively to what was reported at the August 24, 2006, resentencing hearing, the transcript of which is included in the record.

[2] McKee pleaded guilty to a single telephone count and received a sentence of 48 months' imprisonment.

amount of pseudoephedrine.  A few minutes later, Danner brought the cases to Kelly, whereupon Kelly was arrested.

Kelly raised several arguments at the resentencing hearing, some of which reiterated his objections to the PSR.[3]  Determining that the case law of this circuit directly controlled most of these issues, and finding that the evidence presented did not support Kelly's claims, the district court rejected his arguments and again sentenced Kelly to 151 months' imprisonment.  Kelly now appeals.

Kelly asserts six arguments as to why he should be resentenced:  (1) Kelly's counsel's statement that Kelly thought he was receiving a lesser amount of pseudoephedrine does not constitute an admission by Kelly under Booker;[4] (2) Kelly's sentence was unreasonable because it was disproportionate to the sentence received by his co-defendant; (3) In denying Kelly's request for a below-Guidelines sentence, the sentencing court failed to adequately explain its reasons; (4) Danner's hearsay testimony regarding the confidential informant violated Kelly's Sixth Amendment right to confrontation; (5) Facts that enhance a

---

[3] Kelly contested the quantity of pseudoephedrine in the PSR, requested a minor participant adjustment, and argued that he should not receive three criminal history points because his murder conviction fell outside of the 15-year applicable time period set in U.S.S.G. § 4A1.2(e)(1).

[4] In Booker, the Supreme Court "reaffirm[ed] [the] holding in Apprendi: Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt."  543 U.S. at 244.

sentence must be proved beyond a reasonable doubt; and (6) When applied

retroactively, Kelly should receive the benefit of Booker's Sixth Amendment

interpretation but not the Booker remedy.

We review sentencing decisions for both procedural and substantive

reasonableness in light of the factors in 18 U.S.C. § 3553(a). United States v.

Atencio, 476 F.3d 1099, 1102 (10th Cir. 2007). Moreover, we apply an appellate

presumption of reasonableness to within-Guidelines sentences.[5] United States v.

Geiner, ___ F.3d ___, 2007 WL 2358678, at *2 (10th Cir. Aug. 20, 2007).

Because all of the issues raised by Kelly are controlled by established circuit

precedent and the doctrine of law of the case, and because the district court

properly considered the factors in § 3553(a), we determine that Kelly's sentence

is reasonable.

In Kelly's first appeal before this court, we held that his counsel's

statement regarding the quantity of pseudoephedrine that he intended to possess

constituted an admission on Kelly's behalf, citing United States v. Buonocore,

416 F.3d 1124, 1134 (10th Cir. 2005). Kelly, 159 F. App'x at 868 n.4. Under the

law of the case doctrine, our previous decisions on a rule of law should govern

the same issues in later stages of the same case. Rohrbaugh v. Celotex Corp., 53

F.3d 1181, 1183 (10th Cir. 1995) ("[W]hen a case is appealed and remanded, the

---

[5] We note that Kelly does not challenge this appellate presumption of reasonableness, which was recently upheld in Rita v. United States, 127 S. Ct. 2456 (2007).

- 5 -

decision of the appellate court establishes the law of the case and ordinarily will be followed by both the trial court on remand and the appellate court in any subsequent appeal.").  Although this doctrine is not an "inexorable command," Pittsburgh County Rural Water Dist. No. 7 v. City of McAlester, 358 F.3d 694, 711 (10th Cir. 2004), we determine that the rule in Buonocore applies to this issue and thus counsel's statement constitutes an admission on behalf of Kelly.[6]

As to Kelly's second argument, a disparity in sentences between co-defendants does not provide a basis for relief.  See United States v. Davis, 437 F.3d 989, 997 (10th Cir. 2006).  With respect to his third argument, when a district court imposes a within-Guidelines sentence, 18 U.S.C. § 3553(c) requires only that the court provide a general statement of "the reasons for its imposition of the particular sentence."  § 3553(c); United States v. Ruiz-Terrazas, 477 F.3d 1196, 1199 (10th Cir. 2007).  In Rita v. United States, the defendant requested a sentence below the Guidelines range, which the district court denied.  127 S. Ct. at 2469.  In upholding the district court's decision, the Supreme Court noted that the district judge "listened to each argument [made by the defendant]," "considered the supporting evidence," and concluded that the Guidelines range was "not 'inappropriate'" and a sentence at the bottom of the range was

---

[6] Kelly urges us to adopt the position advocated by Judge Seymour in her concurrence in Buonocore, 416 F.3d at 1137-38, that counsel's statements are not admissions for Sixth Amendment purposes.  This panel, however, cannot overrule the majority holding of another panel of this court.  See In re Smith, 10 F.3d 723, 724 (10th Cir. 1993) (per curiam).

"appropriate." Id. The Court held that "[w]here a matter is as conceptually simple as in the case at hand and the record makes clear that the sentencing judge considered the evidence and arguments, we do not believe the law requires the judge to write more extensively." Id. In the present case, Kelly, speaking on his own behalf at the resentencing hearing, presented reasons as to why a downward departure was warranted in his case. The district court listened to his arguments, but concluded, with reference to the § 3553(a) factors, that a sentence of 151 months' imprisonment was appropriate. Given that the district court's explanation of its decision contained more detail than that which the Court upheld in Rita, we conclude that the district court's explanation was sufficient.

In United States v. Bustamante, 454 F.3d 1200, 1202-03 (10th Cir. 2006), we held that a sentencing court's reliance on hearsay testimony does not violate the defendant's Sixth Amendment rights, and thus Kelly's fourth argument fails. In response to his fifth argument, we have previously held that drug quantity may be proven by a preponderance of the evidence, United States v. Magallanez, 408 F.3d 672, 684-85 (10th Cir. 2005), a decision which we cited in ruling on this same issue in Kelly's first appeal.[7] See Kelly, 159 F. App'x at 868. In addition,

_____

[7] Kelly asserts that the Supreme Court has not addressed this issue head on. This argument, however, does not mean that this panel may overrule Magallanez, see In re Smith, 10 F.3d at 724, and we also note that the Court denied certiorari in that case. See Magallanez v. United States, 546 U.S. 955 (2005).

we determine that the district court did not commit clear error in finding that the evidence supported the quantity of pseudoephedrine attributed to Kelly.

Finally, Kelly argues that because his crime was committed before Booker, the Booker remedy making the Guidelines advisory cannot be applied retroactively to his case without violating his Fifth Amendment due process rights. Kelly asserts, however, that he is entitled to the benefit of the Booker holding, that facts affecting his sentence must be admitted by him or proved beyond a reasonable doubt. In his previous appeal, we held that this argument is without merit in light of our decision in United States v. Rines, 419 F.3d 1104, 1106 (10th Cir. 2005). We again conclude that this argument is meritless.

Accordingly, we **AFFIRM** the sentencing decision of the district court.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge