**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**February 27, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

SHIRLEY MAYE ROLLOW,

Defendant-Appellant.

No. 06-6072
(D.C. No. 02-CR-08-T)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **PORFILIO**, **BALDOCK**, and **EBEL**, Circuit Judges.

A jury convicted Shirley Rollow of conspiring to possess and distribute a

listed chemical knowing that it would be manufactured into a controlled

substance, and of structuring transactions to evade reporting requirements in

violation of 21 U.S.C. § 841(c)(2) and 31 U.S.C. § 5324(a)(3). The convictions

stemmed from allegations that Ms. Rollow was involved in an illicit scheme to

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

distribute pseudoephedrine, a precurser to methamphetamine, within the United States. The district court sentenced Ms. Rollow to 180 months' imprisonment followed by three years of supervised release, but a panel of this court vacated that sentence and remanded to the district court for re-sentencing in light of the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005). *See United States v. Rollow*, 146 F. App'x 290, 294-95 (10th Cir. 2005). On remand, the district court reduced Ms. Rollow's sentence to 160 months' imprisonment followed by three years of supervised release. She now appeals her sentence a second time. We affirm the district court's revised sentence.

## I. Background

The district court's original sentence was based in part on the pre-sentence investigation report (PSR). The PSR established that Ms. Rollow conspired to distribute 3,438 kilograms of pseudoephedrine, a quantity that, under the United States Sentencing Guidelines (USSG), carried a base offense level of 30. *See* USSG § 2D1.11 (2000). To the base offense level, the district court added two levels under USSG § 3C1.1 after finding that Ms. Rollow obstructed justice by lying under oath. The court then added another two levels under USSG § 3B1.1(c) because it found that Ms. Rollow assumed a leadership role in the conspiracy. Accounting for Ms. Rollow's Criminal History Category of I, the district court determined that her sentencing range was 151 to 188 months. The court accordingly sentenced Ms. Rollow to 180 months in prison.

While Ms. Rollow's appeal of her sentence was pending, the Supreme Court issued its decision in *Booker*. *Booker* substantively held that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." 543 U.S. at 244. The Court went on to craft a remedy for the federal sentencing guidelines by severing the provisions of the guidelines that made them mandatory, thereby making the guidelines merely advisory. *See id.* at 245. Applying *Booker* to Ms. Rollow's appeal, a panel of this court determined that her sentence was unconstitutional because it was based on findings neither admitted by her nor proven to a jury beyond a reasonable doubt. *Rollow*, 146 F. App'x at 294-95. Thus, the panel remanded the case "with direction that she be re-sentenced in accord with *Booker-Fanfan*." *Id.* at 295.

On remand, the district court construed the scope of the remand order as applying only to the two sentence enhancements. After a hearing, the court consulted the sentencing guidelines as advisory and, finding ample evidence to sustain the two findings that Ms. Rollow obstructed justice and assumed a leadership role in the conspiracy, determined that the appropriate sentencing range remained 151 to 188 months. The court concluded, however, that a sentence at the lower end of the range was more reasonable, and therefore reduced Ms. Rollow's sentence to 160 months' imprisonment.

-3-

Now appearing before this court a second time, Ms. Rollow contends the district court misconstrued the scope of the remand order. Focusing on the last phrase of the panel's mandate, Ms. Rollow argues that the language directing "that she be re-sentenced in accord with *Booker-Fanfan*," *id.*, required the district court to reconsider the propriety of her entire sentence rather than the two sentence enhancements exclusively. She then goes a step further and challenges both her base offense level as well as the sentence enhancements. She contends her base offense level is unconstitutional because it was based on a drug quantity that was not found by the jury; she challenges the sentence enhancements by arguing the district court was without authority to retroactively apply the sentencing guidelines to her case in an advisory fashion. Therefore, invoking *Booker*'s substantive rule while attempting to avoid its remedial holding, Ms. Rollow concludes that her proper sentencing range is 10 to 16 months.

## II. Discussion

### A. Scope of Remand

We first address Ms. Rollow's contention that the district court improperly limited the scope of the remand order. Her argument is simply that the mandate issued by this court vacated her entire sentence and required the district court to completely reevaluate her sentence in light of *Booker*. Because Ms. Rollow preserved in the district court the allegations of error she argues on appeal, we apply harmless error analysis to ensure that any error did not affect her

substantial rights. *See United States v. Marshall*, 432 F.3d 1157, 1160 (10th Cir. 2005); Fed. R. Crim. P. 52(a).

Our analysis here is governed by the mandate rule, which is a "discretion-guiding rule" that "generally requires trial court conformity with the articulated appellate remand." *United States v. Moore*, 83 F.3d 1231, 1234 (10th Cir. 1996). "Although a district court is bound to follow the mandate, and the mandate controls all matters within its scope, a district court on remand is free to pass upon any issue which was not expressly or impliedly disposed of on appeal." *Proctor & Gamble Co. v. Haugen*, 317 F.3d 1121, 1126 (10th Cir. 2003) (internal quotation and alteration omitted). Thus, "where the appellate court has not specifically limited the scope of the remand, the district court generally has discretion to expand the resentencing beyond the sentencing error causing the reversal." *United States v. Lang*, 405 F.3d 1060, 1064 (10th Cir. 2005) (quotation omitted). To apply the mandate rule to the present case, we "examine the mandate and then look at what the district court did." *Proctor & Gamble Co.*, 317 F.3d at 1126 (internal quotation omitted).

Here, our mandate stated, "Accordingly, Rollow's conviction is affirmed. However, her sentence is vacated and the matter is remanded to the district court with direction that she be re-sentenced in accord with *Booker-Fanfan*." *Rollow*, 146 F. App'x at 295. Because this mandate lacks the sort of specificity required to limit the district court's resentencing authority, *see United States v. Hicks*,

146 F.3d 1198, 1200-01 (10th Cir. 1998), the district court had discretion to accommodate Ms. Rollow's request and expand the scope of resentencing.

But the district court apparently believed it was constrained to reevaluate only the two sentence enhancements. Indeed, recognizing that we had focused on the district court's findings that Ms. Rollow obstructed justice and played a major role in the offense, the district court interpreted our mandate as limiting the remand to the "raising of the offense level from 30 to 34 on the basis that the guidelines were mandatory." Re-Sent. Tr. 12. The court thus declined to expand the scope of resentencing beyond the two sentence enhancements, stating:

> I do believe that this Court is obliged to conduct this hearing and the resentencing only on those issues, and if – if the scope should be enlarged, as [defense counsel] suggest[s], it seems to me that the Court of Appeals would have to be the body to instruct this Court to do so, and that's my analysis of the – of the remand order.
>
> . . . .
>
> [I]f the Court of Appeals should clarify that and agree with [defense counsel], it will come back and – and we'll proceed again with a broadened scope, but it is not – it is not my role, in my opinion, to attempt to broaden the issues remanded for this Court to address, and it is only for the Court of Appeals to do so.

*Id.* at 12-13.

As these passages demonstrate, the district court incorrectly believed it could not reconsider Ms. Rollow's entire sentence. This error was harmless, however, because although Ms. Rollow initially objected to the drug quantity used to establish her base offense level, she made no offer of proof to refute that

quantity.  Indeed, she has failed to proffer any evidence at all disputing the quantity of pseudoephedrine alleged in the PSR.  Her inability to do so is a strong indication that the base offense level was premised on actual conduct.  *See United States v. Riccardi*, 405 F.3d 852, 876 (10th Cir. 2005).  Moreover, the jury heard ample evidence that Ms. Rollow was involved in the conspiracy and was responsible for 3,438 kilograms of pseudoephedrine.  The jury thereafter convicted her for committing the offense.  Under these circumstances, the district court's failure to reevaluate Ms. Rollow's base offense level did not affect her substantial rights.

Additionally, we note that based on the record before us, there is no indication that Ms. Rollow raised this issue on direct appeal.  The fact that we completely omitted Ms. Rollow's base offense level from our previous analysis strongly suggests that despite objecting to the drug quantity calculation at sentencing, she concentrated her appellate efforts on challenging her sentence enhancements.  If this is indeed the case, it is not at all surprising that the district court declined to reevaluate Ms. Rollow's base offense level where she did not challenge it on appeal.  In any event, we are satisfied that Ms. Rollow's substantial rights were not violated and therefore conclude that the district court's error in limiting the scope of the remand was harmless.

**B. Discretionary Application of the Sentencing Guidelines**

Ms. Rollow next attempts to invoke *Booker*'s substantive rule, but avoid its remedial holding. Beginning with the premise that *Booker* is inapplicable because she was sentenced pre-*Booker*, Ms. Rollow contends the district court was without authority to retroactively apply the sentencing guidelines in an advisory fashion so as to enhance her sentence. Yet citing *Jones v. United States*, 526 U.S. 227, 243 n.6 (1999), Ms. Rollow clings to *Booker*'s substantive Sixth Amendment protection that any fact (other than a prior conviction) that increases the maximum penalty for a crime must be charged in an indictment, submitted to a jury, and proved beyond a reasonable doubt.[1] Thus, reasoning that she is protected from retroactive, discretionary application of the sentencing guidelines, but entitled to a jury verdict on any fact that increases her sentence, Ms. Rollow concludes that her correct sentencing range is 10 to 16 months.

Initially, we note that Ms. Rollow's position is undercut by her own concession that *Booker* applies to all cases on direct appeal. *See* Aplt. Br. at 13 ("*Booker/Fanfan* applies to all cases on direct appeal."). Nonetheless, our

---

[1]    Defense counsel cites *"Jones v. Unite* [sic] *States*, 527 U.S. 373, 388, 119 S.Ct. 1215 (1999)." *See* Aplt. Br. at 3, 15. This reference merges the citations of two different cases, *Jones v. United States*, 526 U.S. 227, 119 S.Ct. 1215 (1999), and *Jones v. United States*, 527 U.S. 373, 119 S.Ct. 2090 (1999). The error is complicated by the fact that throughout his brief, counsel refers to the authority only as "*Jones.*" *See, e.g.*, Aplt. Br. at 16. Because the basis of Ms. Rollow's appeal concerns a sentencing issue addressed in *Jones v. United States*, 526 U.S. 227, 119 S.Ct. 1215 (1999), we can only assume counsel intended to invoke this authority, and not *Jones v. United States*, 527 U.S. 373, 119 S.Ct. 2090 (1999).

precedent has foreclosed the possibility of Ms. Rollow avoiding *Booker*'s remedial holding. In *United States v. Rines*, 419 F.3d 1104, 1106 (10th Cir. 2005), we rejected the similar contention that applying *Booker*'s remedial holding to a pre-*Booker* offense would violate the Fifth Amendment's Due Process Clause. We explained that this argument is "contrary to the Supreme Court's explicit instructions in *Booker*," *id.*, which were that "we must apply today's holdings – both the Sixth Amendment holding and our remedial interpretation of the Sentencing Act – to all cases on direct review," *Booker*, 543 U.S. at 268. Ms. Rollow's case was on direct review at the time *Booker* was decided. The district court therefore was correct to retroactively consider and apply the guidelines in an advisory fashion. Ms. Rollow's insistence that all sentence-enhancing facts must be proven beyond a reasonable doubt does not alter the analysis because post-*Booker*, "district courts are still required to consider Guideline ranges, which are determined through application of the preponderance standard, just as they were before," *United States v. Magallanez*, 408 F.3d 672, 685 (10th Cir. 2005) (citation omitted). Ms. Rollow's sentence here was based on a quantity of drugs for which she was found responsible by a jury without any offer of proof to the contrary; her sentence was enhanced through discretionary judicial fact-finding by a preponderance of the evidence. Ms. Rollow received all the protections the constitution affords.

## III. Conclusion

The judgment of the district court is AFFIRMED.

Entered for the Court

David M. Ebel
Circuit Judge