**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 22, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

SHIRLEY MAYE ROLLOW,

Defendant-Appellant.

No. 09-6121
(D.C. Nos. 5:08-CV-01043-D and
5:02-CR-00008-D-2)
(W.D. Okla.)

**ORDER**[*]

Before **HARTZ**, **SEYMOUR** and **ANDERSON**, Circuit Judges.

Ms. Shirley Rollow seeks a Certificate of Appealability (COA) to overturn

the district court's denial of her petition under 28 U.S.C. § 2255. For the reasons

that follow, we deny her motion and dismiss the appeal.

Ms. Rollow was convicted by jury of conspiring to possess and distribute a

listed chemical knowing that it would be manufactured into a controlled substance

in violation of 21 U.S.C. § 841(c)(2), and of structuring transactions to evade

---

[*]This order is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with 10th Cir. R. 32.1 and 10th Cir. R. 32.1.

reporting requirements in violation of 31 U.S.C. § 5324(a)(3). The convictions stem from allegations that Ms. Rollow participated in a complex scheme to distribute pseudoephedrine, a precursor to methamphetamine, within the United States.

Ms. Rollow received an initial sentence of 180 months' imprisonment, followed by three years of supervised release. On appeal, however, we vacated that sentence and remanded to the district court for re-sentencing in light of the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005). *See United States v. Rollow*, 146 F. App'x 290, 294-95 (10th Cir. 2005). On remand, the district court imposed a reduced sentence of 160 months' imprisonment followed by three years of supervised release. On appeal, we affirmed the revised sentence, concluding Ms. Rollow's sentence "was based on a quantity of drugs for which she was found responsible by a jury without any offer of proof to the contrary; her sentence was enhanced through discretionary judicial fact-finding by a preponderance of the evidence. Ms. Rollow received all the protections the constitution affords." *United States v. Rollow*, 218 F. App'x 790, 794 (10th Cir. 2007).

Ms. Rollow then filed a petition pursuant to 28 U.S.C. § 2255, alleging

(1) during trial proceedings there arose certain issues which . . . should have been addressed. . . , counsel should have requested a [m]istrial; . . .
(2) counsel failed to mitigate and challenge statements that her co-defendants made against her which implicated and exaggerated her

-2-

role in the offense, . . .
(3) counsel failed to investigate all aspects and circumstances of the case, . . .
(4) counsel failed to aggressively invoke any of the legal principles stated in recent case law, specifically proper attribution of drug amounts and the requisite preponderance of proof as far as the amount of drugs for the purpose of sentencing; . . .
(5) counsel failed to seek the requisite preponderance of the proof as to the amount of involvement that the movant actually played in the offense and as to the actual amount of drugs or whether any drugs should have been attributed to her.

*See* June 1, 2009 District Court Order, at 2 (quotations and brackets omitted). The district court denied the petition for relief, reasoning that Ms. Rollow's ineffective assistance of counsel claims contained only "conclusory allegations" insufficient to sustain a viable ineffective assistance claim, and that her sentencing claims were procedurally barred. *Id.* 3-4.

On appeal, Ms. Rollow seeks a COA on three issues. First, she contends the district court erred in denying her § 2255 motion without holding an evidentiary hearing. Second, she asserts she was denied effective assistance of counsel. Third, she argues that she was denied due process and equal protection of the law by the district court's failure to apply the parsimony principle mandated by 18 U.S.C. § 3553.

A COA can issue only "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could

-3-

conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  Having undertaken a thorough review of Ms. Rollow's appellate pleadings, the district court's order, and the entire record before us pursuant to the framework set out by the Supreme Court in *Miller-El*, we conclude that Ms. Rollow is not entitled to a COA because the district court's resolution of her § 2255 petition is not reasonably subject to debate.

Turning first to Ms. Rollow's ineffective assistance claim, we note that to succeed she must demonstrate that her attorney's performance was deficient and that the deficient performance prejudiced her defense.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  Ms. Rollow bears the burden of establishing both components.  *Smith v. Robbins*, 528 U.S. 259, 285-86 (2000).  A review of her § 2255 petition, although rife with conclusory allegations of deficient representation, reveals no factual basis for a viable ineffective assistance of counsel claim.  Although she contends that "counsel procedurally defaulting (sic) on issues which should have been raised/objected to . . . .  [C]ounsel failed to mitigate and or challenge statements . . . .  [C]ounsel failed to investigate and challenge . . . .  [C]ounsel failed to hold the government to the requisite preponderance of the proof," Aplt. Br. at 17, Ms. Rollow neglects to articulate a single fact in support of these contentions.  Thus, her ineffective assistance claim has no support.  *See United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994).

Second, we need not reach the merits of Ms. Rollow's challenges to the district court's application of the guidelines because these issues were available but were not raised on direct appeal. They are therefore procedurally barred without a showing of cause and prejudice. *See United States v. Mora*, 293 F.3d 1213, 1216 (10th Cir. 2002).

Finally, because Ms. Rollow's motion could be properly and conclusively resolved on the basis of the record alone, the district court did not err in refusing to hold an evidentiary hearing. Accordingly, we **DENY** Ms. Rollow's request for a COA, **DENY** her motion to proceed *in forma pauperis*, and **DISMISS** this appeal.

ENTERED FOR THE COURT

Stephanie K. Seymour
Circuit Judge